THE NORTHWESTERN IRON COMPANY vs. THE ÆTNA INSUR-
ANCE COMPANY.

A parol contract of marine insurance is valid.

APPEAL from the County Court of *Milwaukee* County.

Action upon a parol contract of marine insurance. The complaint, after the allegations set forth in the opinion as to the authority of the defendant and its agents in Milwaukee to do the acts and enter into the contracts afterward mentioned, further avers, that in June, 1865, plaintiff applied to said agents for marine insurance upon a certain quantity of pig-iron, which the plaintiff proposed to ship over the lakes from Milwaukee to Cleveland, Ohio, " against all adventures and perils of the said lakes, and navigable waters connecting the same, and all fires, jettisons and losses happening thereon," to an amount specified, " and that thereupon said defendant, by its said agents, thereto duly authorized, proposed and agreed with the plaintiff to insure the said pig-iron in the manner and against the perils aforesaid, and to the amount aforesaid," at a specified rate, " which proposition or offer was accepted by the plaintiff; and said plaintiff was also to notify said agents of said defendant from time to time as said iron was shipped,

of the amount of each shipment, and of the vessel whereon the same was shipped, and that thereupon the risk and insurance aforesaid was to commence," etc. The complaint then contains allegations which will be found recited in the opinion, as to what was done " pursuant to said arrangement," followed by the usual averments as to losses, etc. A demurrer to the complaint, as not stating a cause of action, was sustained; and the plaintiff appealed.

• *Butler & Winkler*, for appellant, as to the validity of a parol contract of insurance, cited 19 N. Y. 309 ; 43 Barb. 351; 10 Bosw. 82; 4 Sandf. Ch. 408; 4 Cow. 645; 25 Ind. 536; 5 Barr, 339; 25 Conn. 207; 26 Maine, 18; 28 id. 51; 1 Pick. 278; 20 Ohio, 529; 5 La. An. 697; 9 How. (U. S.) 390 ; 19 id. 318; 2 Parsons on Con. (5th ed.) 350.

*Emmons & Van Dyke*, for respondent, argued, that the complaint shows only an agreement to insure, and not a contract of insurance; and that while a parol agreement to insure is good to compel the company to execute and deliver a policy, a parol policy of marine insurance has never in modern times been enforced; and they cited 1 Duer on Ins. 60; 1 Arnold on Ins. 16; Phillips on Ins. 8; *Smith v. Odlin*, 4 Yeates, 468; 5 Barr, 339; 2 Wash. C. C. 4; 16 Ohio, 148; 20 id. 529; 4 Cow. 645; 9 How. 390; 2 Curtis, 524; 19 How. (U. S.) 318; 3 Wallace, 116; 1 Pick. 280; 11 Paige, 556; Millar on Ins. 30; 19 N. Y. 305; 18 Barb. 69; 6 Duer, 14; 25 Conn. 207; 26 Maine, 19. Counsel commented on the cases cited on the other side, and contended that the plaintiff was in all those cases remitted to the *policy* to which he was entitled, as the measure of the insurer's liability, and his recovery was restricted by the terms of such policy.

CoLE, J. It appears to us that the complaint states a cause of action. It is alleged, among other things, that the defendant corporation was chartered and doing business under the laws

of the state of Connecticut, " *and was duly authorized to do the several acts hereinafter mentioned,* and that the business of said defendant, during the same times, was and is that of insuring property against loss and damage by fire, and by perils of the seas and the inland waters of the United States," etc.; and that it " did such business by its agents at the city of Milwaukee," etc.; that Whaling and Belden " *were the general agents of said defendant in the city of Milwaukee, fully authorized to act in its behalf, and to enter into contracts of insurance for and on behalf of said defendant, such as the contract or contracts hereinafter mentioned,*" etc.    The complaint then proceeds to state a parol contract for marine insurance on a quantity of pig-iron, which the plaintiff proposed thereafter to ship, and did ship, from Milwaukee to Cleveland, " against all adventures and perils of the said lakes, and navigable waters connecting the same, and all fires, jettisons or losses happening therein."    It is further averred that, " pursuant to the arrangement," the plaintiff made divers shipments of pig-iron by the lakes, paying the premium from time to time on each shipment, and notifying the agents of the defendant as agreed upon; " and that at the time notice as aforesaid was given to defendant's agents of the first of said shipments, the plaintiff asked of the agents whether it was to have a policy of insurance on the pig-iron, but was told by the agents that it was not customary to give policies upon such insurances," but that a memorandum of the insurance was entered by them in a book, and that this entry was sufficient, and did not issue to the plaintiff any written policy of insurance.    A shipment, loss and notice are then alleged.

In the opinion which the county court gave in sustaining the demurrer to the complaint, it is assumed that this court, in effect, held, on the former appeal, that the action could not be maintained.    This is a misapprehension of that decision.    On the contrary, the clear and almost necessary implication from

that decision is, that the action might be sustained, providing it appeared that the agents of the company had authority to make the parol contract of insurance relied on. In the absence of all evidence upon the point, it was said the presumption must be that the agents only had power to make contracts of insurance in the usual way, by written policies, and perhaps to make parol agreements to issue them, but would have no authority to insure by parol. Now the authority of the agents to make the contract set out in the complaint is specifically alleged, and of course admitted by the demurrer. And this narrows the case down to the single question, so fully discussed upon the argument of this and the former appeal, whether an action can be maintained to recover the amount insured directly upon a parol contract to insure. And, notwithstanding the able and learned argument of the counsel by whom the negative of this proposition is affirmed, I am unable to see any satisfactory reason why such an action cannot be maintained. It is the language of the authorities, that a parol contract of insurance was valid at common law; and what principle of public policy or of statute law does such a contract violate or contravene? It is admitted that a parol agreement to insure is good to compel the company to execute and deliver a policy; and that, in some cases, where bills had been filed for that purpose, courts, in order to avoid circuity of action, had given a decree for the payment of the money which would have been payable if the policy had been issued. Counsel have cited many such cases on their briefs. But it is said, in no case has a recovery been had, *ex directo*, upon a parol policy. Such suits are undoubtedly very rare, because the practice almost always is to issue written policies.

The case of the *New England Fire and Marine Ins. Co. v. Robinson*, 25 Ind. 536, is treated by the court as an action upon a parol contract of insurance, although possibly it might be maintained as an action against the company for a refusal

to deliver a policy, according to the intimation of Mr. Justice BRONSON, in *Lightbody v. North American Ins. Co.*, 23 Wend. 18–24. But still the authorities say, that, upon the principles of the common law, a contract of insurance need not necessarily be a formal written document denominated a policy. "The contracts might be in writing, or by parol. They may be in the form of an undertaking which imports a present risk completely assumed, or they may be executory, for the delivery of a policy or a renewal of a policy at a future day." COMSTOCK, J., in *Trustees of the First Baptist Church v. Brooklyn Fire Ins. Co.*, 19 N. Y. 306–310. And now, although the usage of written contracts of insurance has long and generally prevailed, yet, can the courts say that an action upon a parol contract cannot be maintained? It seems to us not. If the agents of the company were fully authorized to make the contract set out in the complaint, we know of no satisfactory reason why a recovery may not be had upon it. And this is the clear implication of the former opinion in this case. 21 Wis. 458.

*By the Court.* — The order of the county court is reversed, and the cause remanded for further proceedings according to law.