78    SUPREME COURT OF WISCONSIN,

The Northwestern Iron Company vs. The Ætna Insurance Company.

## THE NORTHWESTERN IRON COMPANY VS. THE ÆTNA INSURANCE COMPANY.

(1, 2.) MARINE INSURANCE : (1.) *Ratification by retaining premium.—* (2.) *Parol contract subject to conditions of policies.—Parol agreement for special privilege which would require indorsement on policy.*
(3, 4.) VARIANCE—AMENDMENT: *Evidence to meet adverse proof.— Amendment at trial.*
(5.) INSTRUCTIONS : *When cause not reversed for erroneous instruction.*

1. Where defendant denies its agent's authority to make the contract of insurance sued on, evidence is admissible to show that it retained the premium paid, with notice of all the facts respecting the contract, and so ratified the same.
2. A parol contract of marine insurance being valid (23 Wis. 160), even if it is, by custom, subject to the conditions of the written policies, a parol agreement is also valid, by which the insured is to have a privilege which would require a special indorsement on the written policy, were that relied on.
3. Plaintiff having declared on a parol contract of insurance, without alleging that it was subject to the conditions of the written policies, proof *by defendant* of the latter fact does not create a variance; and it is not error to admit evidence for plaintiff to avoid the effect of such proof, defendant not being misled to his injury.
4. If the complaint is defective in not setting out more fully the terms of the contract, defendant not having been misled, the court should allow an amendment at the trial.
5. Where the court fails to add to a general instruction a qualifying remark which would necessarily be *understood* by the jury, this is no ground for a reversal.

APPEAL from the County Court of *Milwaukee* County.

Action upon a parol contract of marine insurance. The averments of the complaint will be found in the report of a former appeal in the same case. 23 Wis. R., pp. 160–164. The answer denied the making of the alleged contract by defendant. Upon the new trial, plaintiff having stated that it would not produce in evidence, nor claim under, a written policy, the defendant objected to the introduction of any evidence under the complaint; but the objection was overruled. Plaintiff then made proof of an oral agreement for marine insurance between itself

JUNE TERM, 1870. 79

The Northwestern Iron Company vs. The Ætna Insurance Company.

(through its president, Mr. May) and Messrs. Belden & Whaling, the local agents of the defendant at Milwaukee, upon the property described in the complaint; and also proof of the loss. Mr. May testified that the premiums on the iron insured under said agreement were paid along from month to month, as demanded by Messrs. Belden & Whaling after successive shipments; and that the premium on the last iron shipped, which was the cargo lost, was paid after notice of the loss given to Messrs. Belden & Whaling. Against objection he then testified that the premium had never been returned, or offered to be returned. The plaintiff was also permitted, against objection, to put in evidence a letter from Mr. May to one Dorr, defendant's general agent at Buffalo, N. Y., written several months after the loss, and stating the grounds and nature of plaintiff's claim against the company. Plaintiff's evidence having shown that the iron in question was laden on deck, Mr. May's testimony was also admitted, against objection, to show that this was done by permission of Messrs. Belden & Whaling.

Defendant's evidence tended to show that the usual course of business in Milwaukee, between the agents of underwriters and parties effecting marine insurance, was in accordance with that adopted in the present case, and that such agreements *had reference to the printed policies in use by the insurers;* that defendant had in use a certain printed policy, which was put in evidence; that Messrs. Belden & Whaling kept a book in which all transactions of this kind were entered; that they had authority to give permission to ship insured property on deck; that it was their duty, on giving such permission, to enter it in said book; that there was no entry of such permission as to the property here in question; and that they had never given any such permission. The blank policy put in evidence contained the following provision: "The property to be considered under deck, unless otherwise

specified and charged for additionally in the indorsement hereon."

The court instructed the jury as follows: "On the testimony, I am of opinion that the agreement made by Mr. May with Mr. Belden, was according to the usual course of business adopted by the defendant and its agents in this city, and that said agreement was entered into by Mr. Belden as the authorized agent of the defendant, and was binding upon the company. But I am also of the opinion, that such parol contract of insurance was subject to the terms and conditions of the written policies in use by the company. The plaintiff would, therefore, be entitled to recover the insurance money in case of a loss. * * The question of fact for you to determine will be, in regard to the alleged permission to load this iron upon the deck. It appears from the policy that unless such permission is given, freight laden on deck is not protected by the written policies of the company. * * * It is incumbent on the plaintiff to prove to your satisfaction that permission was given to put this iron on deck; and I am of the opinion that Mr. Belden, as agent of the company, had authority to grant such permission. * * * If you find that no such permission was given, your verdict must be for the defendant."

Verdict and judgment for plaintiff; and defendant appealed.

*Emmons & Van Dyke*, for appellant, argued that it was error to admit in evidence Mr. May's letter to Mr. Dorr, it having been written long after the loss, and forming no part of the *res gestæ;* and that there was no room here to apply the doctrine of waiver, such as was applied in *Keeler v. Ins. Co.,* 16 Wis. 523. 2. That evidence of a parol agreement to insure on deck was inadmissible. (1.) The evidence was uncontradicted and conclusive that the agreement to insure had reference to, and was to be controlled and interpreted by, the written policies in use by the company.

(2.) The policies require special indorsement of the fact that property is to be considered insured on deck. (3.) The complaint alleges no such agreement as was sought to be proved. (4.) The evidence would have been competent only in an action on the case for non-delivery, or in equity to compel the delivery of a policy. See cases cited in argument on the former appeal. 3. The court instructed the jury positively that the plaintiff would be " entitled to recover the insurance money in case of a loss." What was said afterwards did not cure the evil of this positive, unexplained direction. It rendered the charge inconsistent. *Selin v. Snyder*, 11 S. & R. 319. It was calculated to distract the understanding of the jury, and a subsequent proper instruction would not do away with its pernicious tendency. *Clay v. Miller*, 3 Mon. 146 ; *Bryan v. Wear*, 4 Mo. 106 ; *Jones v. Talbot*, id. 279 ; *Hickman v. Griffin*, 6 id. 37 ; *Imhoff v. R. W. Co.*, 20 Wis. 344.

*Butler & Winkler*, for respondent.

PAINE, J. The letter of May to Dorr was properly admitted in evidence for the purpose of showing, as it did clearly, that the defendant, through its agent, had notice of all the facts respecting the contract, after which its still retaining the money for the premium would constitute a ratification, even if there had been any defect in the original authority of the agent to make such contract. The want of evidence of this character was one of the grounds for reversing the judgment when the case was formerly here, as reported in the 21st Wis. 458.

The appellant further claims that parol evidence that the property was to be insured on deck was inadmissible. He says the evidence was uncontradicted and conclusive that the agreement to insure had reference and was subject to the terms and conditions of the written policies. And he then claims that inas-

much as the policies require a special indorsement to that effect, in order to constitute an agreement to insure on deck, therefore no such agreement could be shown by parol. But such a position is irreconcilable with our decision when this case was last here (23 Wis. 160), where it was held that a contract for insurance might be made by parol. The necessary result of that doctrine, when applied to a custom like that disclosed by the defendant's evidence—to make insurance by parol agreement, which was nevertheless considered subject to the terms of the written policies—is, that any particular provision which, if the contract had been by a written policy must have been specially indorsed on it, may nevertheless, where the contract is by parol, be made by parol with the same effect. For where no policy is issued, there can of course be no indorsement. And the only application which such a provision in the written policies could have to a contract for insurance made by parol, would be that the particular matter should be specially mentioned and agreed to by the parties. To hold otherwise would be to say, that while a parol contract for insurance is valid, yet all those particular provisions which it is necessary to mention specially in written policies, must be excluded from it entirely. This would be unreasonable. When these companies, for their own convenience or for the mutual convenience of themselves and their customers, introduce the custom of substituting parol contracts of insurance for written ones, with the understanding that these parol contracts are nevertheless to be subject to the terms and conditions of the written policies, that understanding must itself be subject, of necessity, to this qualification : that the parol contracts are subject to those terms and conditions only so far as in the nature of things they can be applied.

The question whether in this case there was a special permission to ship the insured property on deck,

was submitted to the jury on the conflicting evidence, and they found for the plaintiff. There was no error in admitting the evidence.

Nor was the fact that the plaintiff had not set out in his complaint all these terms and conditions of the written policies, any ground for excluding his evidence on account of a variance. It did not appear until the defendant's testimony had been introduced, that those terms and conditions were any part of the contract. Assuming that the defendant's evidence as to the custom had the effect of incorporating them into it, the very fact that they were prepared with such evidence shows that they were not misled by the variance, but were perfectly cognizant of the nature of the plaintiff's claim, and were prepared to contest it upon the assumption that the real contract was as they claimed it to be. The only one of the conditons under which they suggested any defense, was that in relation to the property being on deck, and on that both sides introduced their evidence. There was no claim or pretense on the part of the defendant that it was taken by surprise, or that it had any further evidence that it might have procured on this contested point. If the complaint was defective in not setting out more fully these terms, which we do not determine, the court should have permitted an amendment on the trial. And the admission of the plaintiff's evidence to avoid the effect of the defendant's proof of the custom, was, under the circumstances, no ground for a reversal.

The court, in its charge, after stating to the jury that the contract was valid, but was subject to the terms of the written policies, added: " The plaintiff would therefore be entitled to recover the insurance money in case of a loss." This was excepted to ; the only possible reason would seem to be, because the court did not add the qualification that the loss must be one within the terms of the agreement. But that

was clearly implied. No juror could misunderstand such a remark, or suppose for a moment that the court meant, because a contract for insurance had been made, therefore the assured could recover for any loss without reference to the question whether it was one insured against or not. It is to be assumed that juries understand the remarks of courts to have reference to the subject-matter about which they are speaking. And if, when so understood, they are plain and unmistakable in their meaning, it cannot be ground for reversing a judgment that a qualification to a general remark which was clearly implied, was not actually expressed. It is not to be supposed that a jury that could have misunderstood it as it was, would have been able to understand an express qualification if it had been added. The court fairly submitted the questions of fact really involved, and told the jury expressly that if they found for the defendant on these, the plaintiff could not recover.

The other exceptions to the charge involve merely the questions that have been already considered. There was no error, and the judgment must be affirmed.

*By the Court.*—Judgment affirmed.