ZELL, Respondent, vs. THE HERMAN FARMERS' MUTUAL INSURANCE COMPANY, Appellant.

*January 7 — January 28, 1890.*

*Insurance against fire: Power of company to contract without written application or policy: By-laws: Agency: Statute construed.*

1. The by-laws of an insurance company provided that all applications for insurance should, before the policy was issued, be examined and approved by the board of directors or by a committee appointed for that purpose, and that the secretary should, after the applications had been approved, issue and deliver all policies and keep a list thereof. The instructions to its agents stated that policies were issued in the office of the company, signed by the president and secretary, and that as soon as the application should be approved by the respective committees it should be in force from 12 o'clock at noon of the same day, unless a separate date was fixed in the application. The custom of the company was to issue new policies, covering the same risks, on the request of the agent who effected the original insurance, without any new written application therefor; and, as a general rule, the secretary issued policies without any approval by a committee of the applications therefor. The act incorporating the company (ch. 372, Laws of 1856) did not limit its power to the making of such contracts only as were evidenced by policies. *Held,* that the secretary had authority to issue

a new policy continuing an insurance, without any new written application therefor, and that the company could bind itself by a contract of insurance without issuing a written policy.

2. An agent of such company received the premium for a new policy and told the applicant that he was insured for another year from the termination of his first policy, and the company or the agent retained the premium until after a loss had occurred. *Held*, that under sec. 1977, R. S., the company was bound by the contract of the agent.

3. A provision in the first policy that " the company is not liable for contracts made by agents before such contracts have been approved and certified to in writing by the secretary," did not prevent the agent from making such new contract.

4. The words " any insurance corporation " in sec. 1977, R. S., include mutual insurance companies.

APPEAL from the Circuit Court for *Dodge* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

The respondent brought this action for the purpose of recovering from the appellant for the loss by fire of a threshing-machine owned by the respondent, and which he alleges was insured by said appellant against such loss. The material facts are as follows:

The plaintiff held a policy of insurance against loss by fire, issued to him by the appellant upon the threshing-machine in question, owned by and in the possession of the respondent. This policy bore date March 30, 1886, and expired March 30, 1887 (premium paid in this policy, $3.20). Shortly before the expiration of this policy, the respondent applied to the agent of the appellant, through whom he obtained the said policy, to renew or continue the insurance upon this machine for another year, and paid the said agent the sum of $3.70 for such renewal or continuance of the same for one year from the termination of the first policy, and upon such payment said agent promised the respondent to continue the insurance for another year. The agent thinks he wrote to the company to continue the in-

surance another year, but is not certain as to the fact. Afterwards, on the 1st day of June, 1887, the respondent notified the agent of the appellant that he had not received a new policy or a renewal of the old one on the threshing-machine, although he had received another policy or policies he had applied for at the same time, and requested the agent to look after the matter, which he promised to do. At this time the agent gave the respondent a receipt for the $3.70 paid for such continued insurance. The receipt reads as follows: "Marion, June 1st, 1887. Received of *Fred. Zell* three 70–100 dollars, being premium for Pol. Herman F. M. I. Co. Fire Insurance Co. C. F. Schroeder, Agent."

The plaintiff testified that when he paid the $3.70, in the latter part of March, 1887, to the agent of the defendant, the agent said he would renew the policy for one year after it ran out, and said he would send the policy as soon as he could. He (the agent) said it was insured from the time the old policy ran out for another year. The agent testified that on the 28th day of March, 1887, the respondent told him he wanted the insurance on the threshing-machine renewed. "I said I would write to the company, but I did not say they would send the policy." To the question, "Did you give him to understand that he was insured from then on?" he answered, "I believe I did." He also said that he gave him to understand the same thing when he signed the receipt, in June, 1887. He also said: "I gave him to understand that he was insured when I signed the receipt in June, and that the receipt was evidence of the insurance."

The agent also testified that it was not the custom of the company to renew policies of insurance, but, when the insured desired to extend the insurance, to issue new policies. The agent also testified that "in such cases the company sometimes issued the new policies, extending the insurance,

without any new written application." In cases of this kind, the agent said he " generally wrote a letter to the secretary, and told him the property was the same the men then wanted to renew; that is the usual way I did the business, and a new policy would be issued." Neither the agent nor the company has ever offered to return to the plaintiff the $3.70 premium paid by him.

The loss occurred on the 13th or 14th of July, 1887. There was no controversy as to the amount of the loss or proofs of loss. On the trial, after hearing the evidence, the learned circuit judge directed the jury to render a verdict for the plaintiff for $400, with interest; that being the amount of insurance mentioned in the policy issued upon the threshing-machine in the year 1886, and which it was claimed was renewed or extended in March, 1887, for another year. The company appealed from the judgment in favor of the respondent.

For the appellant there was a brief by *James E. Malone* and *James J. Dick*, and oral argument by *Mr. Dick*. They contended, *inter alia*, that when a company has once determined the forms upon which its policies shall be made, and the conditions upon which it is willing to contract, it is nothing less than a violation of duty of the officers to undertake to bind the company they represent by other and inconsistent contracts, parol or otherwise. May on Ins. sec. 146; *Evans v. Trimountain M. F. Ins. Co.* 9 Allen, 329; *Hale v. Mechanics' M. F. Ins. Co.* 6 Gray, 169; *Brewer v. Chelsea M. Ins. Co.* 14 id. 203; *Miller v. Hillsborough M. F. Ass. Asso.* 42 N. J. Eq. 459. A party is presumed to know the contents of his policy, and is bound by its terms and conditions. *Bonneville v. Western Ass. Co.* 68 Wis. 298; *Cleaver v. Traders' Ins. Co.* 65 Mich. 527. The plaintiff, being a member of a mutual insurance company is bound by its charter, by-laws, and rules. *Miller v. Hillsborough M. F. Ass. Asso.* 42 N. J. Eq. 459; *S. C.* 44 id. 224. An

agent with limited powers has no right to waive conditions; and the plaintiff, being a member of a mutual insurance company, is presumed to know the scope of his authority. *Clevenger v. Mut. L. Ins. Co.* 2 Dak. 114; *Critchett v. Am. Ins. Co.* 53 Iowa, 404; *Kyte v. Commercial U. Ass. Co.* 144 Mass. 43; *Cleaver v. Traders' Ins. Co.* 65 Mich. 527; *Smith v. Continental Ins. Co.* 43 N. W. Rep. (Dak.), 810; *Bowlin v. Hekla F. Ins. Co.* 36 Minn. 433; *Indiana Ins. Co. v. Capehart*, 108 Ind. 270; *Smith v. Niagara F. Ins. Co.* 60 Vt. 682; *Hale v. Mechanics' M. F. Ins. Co.* 6 Gray, 169; *Marvin v. Universal L. Ins. Co.* 85 N. Y. 278; *Mersereau v. Phœnix Mut. L. Ins. Co.* 66 id. 274.

For the respondent there was a brief by *Charles Barber* and *George Hilton*, and oral argument by *Mr. Barber.*

Taylor, J. The learned counsel for the appellant contend that the evidence introduced on the part of the plaintiff fails to show that he had any insurance upon the threshing machine at the time it was destroyed. The contention of the learned counsel is that the agent of the company had no authority to make any contract for insurance on the part of the company, which could bind the company, until such contract was approved by the board of directors or other general officers of the company, or by the actual issuing of a policy of insurance by the company; and as it is admitted that there is no evidence in the case showing any approval by the company of the alleged contract of its agent, or showing that the board of directors or other general officers had any knowledge of such alleged contract until after the loss, the company is not liable for the loss. The learned counsel for the company seem to contend that, under the by-laws and rules of the company, it cannot bind itself in any case except by issuing a policy of insurance. To sustain this proposition, they cite a by-law of the company which reads as follows: "All applications for insurance shall, before the policy is is-

sued, be examined and approved by the board of directors or by a committee appointed for that purpose." They also cite a part of a by-law which provides that the secretary " shall, after the applications have been approved, issue and deliver all policies, and keep a list of the same." They also cite from the instructions given to regulate the conduct of their agents the following: " Policies are issued in the office of this company, signed by the president and secretary. As soon as the application is approved by the respective committees it shall be in force from twelve o'clock at noon of the same day, unless a separate date is fixed in the application." We believe these are the only provisions in the by-laws of the company, or in its instructions, which are claimed to restrict the company from making a contract of or for insurance except by the issuing of a policy or by the approval of a written application.

The testimony of the agent shows that the custom of the company has been to issue new policies, covering the same risk, when desired, without any new written application therefor, and upon the request of the agent through whom the original insurance was effected. The evidence also shows that, as a general rule, the secretary issues the policies without any approval of the application therefor by a committee. The secretary himself testified that " the secretary has power to issue insurance and renew it." On his further examination, he testified: " In the first place, if it's satisfactory to the secretary, he issues the policy. Don't pay any attention to the committee. The committee have quarterly meetings, and examine the policies, and if they find any one they do not like it is canceled." The act of incorporation of the company (ch. 372, Laws of 1856) authorizes the company to make contracts for insurance, and in no way restricts the company to contracts which are evidenced only by a policy of insurance. We think there can be no doubt that, under the rules and practices of the company, the sec-

Zell vs. The Herman Farmers' Mutual Ins. Co.

retary of the company would not only have had full authority to have issued a new policy to the plaintiff continuing his insurance on the threshing machine for another year without any new written application therefor, but also that he would have issued it had the agent requested the same in the usual way.

As it must be held that the company could bind itself by a contract of insurance without issuing a written policy, we hold that, under sec. 1977, R. S. 1878, the company must be held bound by the contract of its agent. The agent having received the premium in payment of the insurance, and declared that the plaintiff was insured from the termination of the first policy for another year, and the company or its agent having retained the premium paid until after a loss has occurred, it would be a fraud upon the plaintiff to permit the company to now say that it was not bound. The facts in this case bring it clearly within the statute, and under the statute we must hold that the company is bound by the act of its agent. The agent having for years acted on behalf of the company, with its sanction, it cannot now be heard to say that he exceeded his power, especially in a case where there is no evidence which tends to show that the plaintiff had any knowledge that he was exceeding his authority, if he in fact exceeded it. The following cases, giving a construction to said sec. 1977, R. S., clearly bring this case within the statute: *Schomer v. Hekla F. Ins. Co.* 50 Wis. 575, 582, 583; *Knox v. Lycoming F. Ins. Co.* 50 Wis. 671, 676; *Alkan v. New Hampshire Ins. Co.* 53 Wis. 136, 143; *Body v. Hartford F. Ins. Co.* 63 Wis. 157; *Hankins v. Rockford Ins. Co.* 70 Wis. 1; *Renier v. Dwelling House Ins. Co.* 74 Wis. 89.

It is contended by the learned counsel for the appellant that sec. 1977, R. S., is not applicable to the agent of a mutual insurance company. The language of the statute is, " any insurance corporation." The words used include

mutual as well as stock corporations, and we see no reason for holding that mutual companies are not included in the words "any insurance corporation." In addition to that, the evidence in this case does not disclose that the appellant is a mutual company, except in name.

It is also insisted that the plaintiff ought not to be allowed the benefit of the statute, because it is said he knew or was chargeable with notice that the agent did not have the authority which he assumed to have in making the contract of insurance. This claim is based solely on the fact that the plaintiff at the time held a policy or policies in said company, which on their face disclosed the want of authority to make the contract in question. If it be admitted that the plaintiff was presumed to know the contents of such policy or policies, we think there was nothing in them that clearly negatived the authority of the agent to make the contract he did. The clause in the policy relied upon as giving notice to the plaintiff of a want of authority reads as follows: "The company is not liable for contracts made by agents before such contracts have been approved and certified to in writing by the secretary." It was held by this court in *Hankins v. Rockford Ins. Co.* 70 Wis. 1, and *Renier v. Dwelling House Ins. Co.* 74 Wis. 89, that a condition of this kind in a policy relates only to contracts made by the agent with the assured after the execution and delivery of the policy, and does not prevent the agent from waiving, at the time of making the contract of insurance, any stipulations in the policy as to the condition of the property insured, or other matters in regard to the risk which the company might deem important. Justice CASSODAY, in the case last above cited, says: "It is wholly unlike the attempt of such local agent without authority to waive conditions in a policy subsequently to the time when the contract of insurance has become complete and binding upon both parties, as in *Hankins v. Rockford Ins. Co., supra.* In other

words, under our statute an insurance company cannot, through the aid of a local agent, secure a contract of insurance and the premium therefor, and at the same time disclaim the authority of such agent to waive stipulations in such contract respecting the then existing conditions of or incumbrances upon the property insured to the knowledge of such agent." In the case at bar the local agent received the premium for insurance, and agreed on behalf of the company that the insurance should be in force from the time of the receipt of such premium, although the policy was not then issued. Under our statute, we think the agent could clearly bind the company by such a contract. In fact the evidence shows that it was the custom of the company to issue policies upon applications, insuring from the date of the application or of the approval thereof by the committee, and not from the date of the policy, unless in pursuance of some special agreement.

The local agent having agreed to insure the plaintiff from the date of his application and the payment of the premium, the company cannot, under our statute, avoid the effect of such agreement for insurance on the ground of a lack of authority to bind the company by such contract, unless such contract be repudiated by the company before a loss thereunder.

*By the Court.*— The judgment of the circuit court is affirmed.