MATHERS, Appellant, vs. THE UNION MUTUAL ACCIDENT ASSOCIATION, Respondent.

*January 13 — February 3, 1891.*

*Accident insurance: Authority of agents: Oral contract for present insurance.*

> Under sec. 1977, R. S., an oral agreement for present insurance, made by the agent of an accident association, is binding upon such association, although the application signed by the person to be insured contained (unknown to the applicant) a provision that the association should not be liable for any injury happening prior to the receipt and acceptance of the application and member's fee by the secretary and general manager, and the policy subsequently issued bore date two days later than the oral agreement.

APPEAL from the County Court of *Fond du Lac* County. Action upon a contract of insurance against accident. The facts will sufficiently appear from the opinion. The plaintiff appeals from a judgment dismissing the complaint.

For the appellant there was a brief by *Duffy & McCrory,* and oral argument by *J. H. McCrory.* They contended, *inter alia,* that the agent's agreement, whether oral or written, binds the company,— citing, besides cases cited in the opinion: *Kelly v. Commonwealth Ins. Co.* 10 Bosw. 83; Wood, Fire Ins. sec. 9; *Commercial M. M. Ins. Co. v. Union Mut. Ins. Co.* 19 How. 318; *Healy v. Imperial F. Ins. Co.* 5 Nev. 268; sec. 1977, R. S.; *Markey v. Mut. Ben. Ins. Co.* 103 Mass. 78; Bliss, Life Ins. sec. 144. The agent had power to waive stipulations in the application. *Clark v. Union M. Ins. Co.* 40 N. H. 333; *Miner v. Phœnix Ins. Co.* 27 Wis. 693; *Peoria M. & F. Ins. Co. v. Hall,* 12 Mich. 202; *Campbell v. Merchants' & Farmers' M. F. Ins. Co.* 37 N. H. 35; *Marshall v. Columbian Mut. Fire Ins. Co.* 27 id. 157; *Masters v. Madison Co. Mut. Ins. Co.* 11 Barb. 624; *Viele v. Germania Ins. Co.* 26 Iowa, 9; *Post v. Ætna Ins. Co.* 43 Barb. 351; *Alexander v. Continental Ins. Co.* 67 Wis.

422; *Schomer v. Hekla F. Ins. Co.* 50 id. 575; *Palmer v. St. Paul F. & M. Ins. Co.* 44 id. 206; *Gans v. St. Paul F. & M. Ins. Co.* 43 id. 108; *Alkan v. New Hampshire Ins. Co.* 53 id. 136; *Franklin v. Atlantic F. Ins. Co.* 42 Mo. 456; *Beal v. Park F. Ins. Co.* 16 Wis. 241; *May v. Buckeye M. Ins. Co.* 25 id. 291; *Protection Ins. Co. v. Harmer*, 2 Ohio St. 452; *Howard F. Ins. Co. v. Bruner*, 23 Pa. St. 50.

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, of counsel, and *Knowles & Phelps*, attorneys, and the cause was argued orally by *E. P. Vilas.*

Orton, J. This action was tried by the court without a jury, and the findings and judgment are against the plaintiff. The facts are briefly and substantially as follows:

One E. L. Maloney, Esq., had been in the insurance business about nineteen years, and had been the agent of the defendant association at the city of Fond du Lac, in this state, about three years. The plaintiff called upon him at his office at about 1 o'clock p. m., on the 12th day of January, 1889, and stated to him that he had bought certain sheds which he wished to take down, and there was considerable snow and ice on them, and he had to take them down right away, and so he thought he would take a little insurance. The agent said he would insure him at any time. The plaintiff asked him: " Can you insure me *now?* When does the insurance begin? From what time?" The agent replied: "*Right now. From this hour.* From the time you pay your money in. You get a receipt from me, and this receipt will call for a policy." The usual premium was five dollars, but the agent told the plaintiff that he would let him become a member for two dollars, and the plaintiff then paid the agent the two dollars and took a receipt for it. That was a compromise figure,— an understanding between the agent and the plaintiff. The money was sent to the association at

Chicago. The agent held in his hand a printed blank application, and he read to the plaintiff all the questions, and he answered them, and the agent wrote in the answers, and then had the plaintiff sign the paper without further reading, and without the plaintiff reading it. The plaintiff thought the paper contained a receipt for the money, and he signed it. At the bottom of the paper there was a printed stipulation in which there was the following agreement: "And I agree that the association shall not be liable for any bodily injury or death happening prior to the receipt and acceptance of this application and the member's fee by the secretary and general manager in Chicago." The plaintiff did not know that there was any such agreement in the paper. This application bore date the 12th day of January, 1889.

The plaintiff then went to work upon sheds twelve feet high, and fell therefrom and was injured about 5 o'clock in the afternoon on the same day. The next day he notified the agent of his accident, and the agent notified the company, and furnished the plaintiff with a blank claim for damages, which the plaintiff spoiled, and the agent furnished him with another, and filled it out for him as it should be, on his answering the proper questions, and forwarded it to the company, and the plaintiff paid him for his work in doing so.

The above facts are established by the uncontradicted testimony. The application and fee of two dollars were received by the company at Chicago on the 14th day of January next ensuing, and in about two weeks thereafter the plaintiff received a regular policy of the company, bearing the last mentioned date, and on the 22d day of March thereafter he received a written notice from the secretary of the company that his claim had been rejected because his application was not received and the policy issued until January 14th. The proofs of the injury or the premium have never been returned to the plaintiff.

The prayer of the complaint was amended by asking that the date of the policy be reformed to correspond with that of the verbal contract for insurance.

The mingled findings of fact and conclusions of law are, substantially, that the plaintiff made an application on the 12th day of January, which showed that he would not become a member until his application and fee were received by the secretary and general manager in Chicago, and that they were not so received until the 14th day of January, 1889, and that the plaintiff was injured on the 12th day of January, 1889, and that his membership in the company did not commence until the 14th day of January, and that when he was injured he was not a member of the company.

The above uncontradicted testimony and the facts established thereby, in the light of a great many decisions of this court, would seem to constitute a binding contract of the association for a *present* insurance. The general and almost unlimited powers of all insurance agents doing business in this state are sufficiently expressed in the statute. Sec. 1977, R. S. " Whoever solicits insurance on behalf of any insurance corporation, or transmits an application for insurance or a policy of insurance to or from any such corporation, or who makes any contract of insurance, or collects or receives any premium for insurance, or in any manner aids or assists in doing either, or in transacting any business for any insurance corporation, or advertises to do any such thing, shall be held an agent of such corporation to all intents and purposes, and the word agent, whenever used in this chapter, shall be construed to include all such persons." The meaning of this language could not be made clearer by construction or comment. All insurance companies understand that all of their agents doing business in this state are *general* agents, however restricted their powers may be by the rules of the companies, or by the stipulations or conditions of their policies or of the applications

for insurance. The only act of the agent here that the company disclaims and repudiates, is contracting for a *present* insurance. This does not involve so extensive a power as has been often decided by this court to be possessed by all insurance agents in this state. In the late case decided by this court of *Zell v. Herman F. M. Ins. Co.* 75 Wis. 521, it is held that where such an agent received the premium for a new policy, and told the applicant that he was insured for another year from the termination of his first policy, and the company or the agent retained the premium until after a loss had occurred, the company was bound by the contract. There was a stipulation in the former policy that the company should not be liable for contracts made by agents before they have been approved and certified to in writing by the secretary, but this did not prevent the agent making the contract and binding the company. This case is closely in point as to the time fixed by the agent when the insurance should commence. In the present case the plaintiff did not know of the stipulation in the application, that the company should not be liable until the receipt of the application and fee by the secretary or general manager.

In the following cases the general powers of insurance agents to do almost anything that the company could do by virtue of the above statute are defined in application to various acts, contracts, and waivers of conditions made by them: *Schomer v. Hekla F. Ins. Co.* 50 Wis. 575, 582, 583; *Knox v. Lycoming F. Ins. Co.* 50 Wis. 671; *Alkan v. New Hampshire Ins. Co.* 53 Wis. 136; *Body v. Hartford F. Ins. Co.* 63 Wis. 157; *Hankins v. Rockford Ins. Co.* 70 Wis. 1; *Renier v. Dwelling House Ins. Co.* 74 Wis. 89.

The company was informed of the injury of the plaintiff before issuing the formal policy dated the 14th instead of the 12th day of January, and knew that the application was made and the premium paid on the 12th, and it was at

least thoughtful and prudent to fix the date of the policy after that of the injury. It seems to be the general custom or usage of insurance companies to date the policy the day the application is made and the premium paid, and it is certainly a very proper one. If the company may fix the date of the policy two days after the application is made, so as to avoid an intervening accident, it can do so ten days after, if the agent delays sending in the application. The applicant has paid his money and supposes, and has the right to suppose, that he is insured. The case of *Ellis v. Albany C. F. Ins. Co.* 50 N. Y. 402, is very much in point. In the opinion of Judge GROVER it is said: "The usage of making agreements for insurance and paying the premiums, providing for the issuing of policies thereafter, to be dated at and in force from the time of making the agreement, *is so general that judicial notice must be taken of it.*" *Post v. Ætna Ins. Co.* 43 Barb. 361; *Sanborn v. Fireman's Ins. Co.* 16 Gray, 448; *Jones v. Provincial Ins. Co.* 16 U. C. Q. B. 477; Bliss, Life Ins. § 160,— are to the same effect. In *Jones v. Provincial Ins. Co.*, *supra*, it is held that the statute of limitations begins to run from the date of the oral agreement to insure.

These authorities are based upon the fact that the agent has all the powers of a *general* agent to bind the company. The above statute makes all agents soliciting insurance, receiving premiums, or transmitting applications, *general* agents to the fullest extent, so that the above authorities are in point. But this very question was decided by this court in the late case of *Campbell v. Am. F. Ins. Co.* 73 Wis. 100. The oral agreement of the agent was for *six months* insurance, and no premium was paid. It was held to cover any loss occurring within the *six months.*

The questions here have been so often decided by the court that it is not worth while to cite authorities else-

where.   Many of them are cited in appellant's brief.   The court omits to find the most important fact in the case, and that is the agreement itself.   That the oral agreement was made as above stated is undisputed.   The testimony of the plaintiff was corroborated by the circumstances, and the agent himself does not dispute it in any material point. The court erred in all of its conclusions of law.

*By the Court.*— The judgment of the county court is reversed, and the cause remanded with direction to render judgment in favor of the plaintiff for the loss proved.