KAUPHUSMAN, Respondent, vs. HOME MUTUAL HAIL-
TORNADO INSURANCE COMPANY, Appellant.

*October 13, 1930—January 13, 1931.*

186

For the appellant there were briefs by *Knowles & Doolittle* of River Falls, attorneys, and *Herman L. Ekern* of Madison of counsel, and oral argument by *Mr. L. S. Doolittle* and *Mr. Ekern.*

For the respondent there was a brief by *White & White* of River Falls, and oral argument by *Ferris M. White.*

The following opinion was filed November 11, 1930:

WICKHEM, J.   In the view that the court takes of this controversy it is not necessary to consider whether Fisher's agency for the defendant was sufficiently established.   It is assumed that it was.

Plaintiff signed an application for membership in the defendant company—an application which was plainly and expressly made subject to the by-laws of the company.   It is clear that he is bound by the terms of his application unless Fisher, as agent for the defendant, ·could waive the

provisions of the application and conclude a contract of oral insurance with the plaintiff. The by-laws of the company indicate clearly that Fisher had no such power, and there is no evidence that the defendant has done anything to estop it from asserting his want of authority. Fisher was a mere soliciting agent, authorized to solicit insurance, receive applications, and transmit them to the defendant for acceptance. It makes no difference whether sec. 209.05, Stats., defining insurance agents, applies to defendant or not. "The provisions of sec. 209.05, Stats., do not confer on a mere soliciting, or special agent, . . . authority to waive or modify the explicit and controlling provisions of an application signed by the insured." *Sachs v. North American Life Ins. Co.* 201 Wis. 537, 230 N. W. 612, 613. Plaintiff contends that this case is distinguishable because it related to life insurance. In the *Sachs Case* it was said:

"Life insurance agents rarely, if ever, are general agents with authority to place the insurance and write or execute policies which are effective immediately, as fire insurance agents do. Consequently, they stand upon a substantially different footing from fire insurance agents, and a custom as to delivery of fire insurance policies and the extension of credit for premiums therefor does not establish the existence of a like custom as to life insurance policies."

This statement has no application to the case under consideration. While it is true that stock fire insurance companies customarily supply agents with forms for policies of insurance, which the agents are authorized to issue directly to the insured, the agent for the defendant company was not authorized to operate on such a basis. His sole authority was to solicit and transmit applications for the company's approval. This is in accordance with the usual practice of mutual fire, tornado and hail insurance companies in Wisconsin.

Plaintiff relies upon *Zell v. Herman Farmers Mut. Ins. Co.* 75 Wis. 521, 44 N. W. 828. In that case the company

had substantially the same requirements with respect to the issuance of policies as those of the defendant company. All applications for insurance were required to be examined and approved by the board of directors or a committee appointed for that purpose. The custom of the company, however, was to issue new policies covering the same risks, without any new application therefor, on the request of the agent who effected the original insurance, and as a general rule the secretary issued policies without any approval from the committee. It was held that the company was bound upon an oral contract made with the plaintiff through its agent, without formal application, and intended as a renewal of insurance already carried by the plaintiff with the defendant. The basis for the holding distinguishes it from the instant case. The ruling is based upon the fact that, the company having acquiesced in such a practice for years, it could not later be heard to deny the power of the agent to bind the company by such a contract.

No such situation is shown in this case, nor, indeed, could it be shown. Fisher had been soliciting insurance for a very short period—too short to establish such a custom as was held to be controlling in the *Zell Case*.

The case of *Mathers v. Union Mut. Acc. Asso.* 78 Wis. 588, 592, 47 N. W. 1130, so far as it appears to sustain plaintiff's contention in this case, must be considered to have been overruled by *Chamberlain v. Prudential Ins. Co. of America*, 109 Wis. 4, 85 N. W. 128, and *Sachs v. North American Life Ins. Co.*, heretofore cited. In the latter case it is pointed out that a soliciting agent has only such authority as is expressly granted to him or such as could properly be implied from the existing practices of the agent, which the company had permitted.

For the foregoing reasons, it is concluded that Fisher had no authority either to waive the conditions of the application, or to effect present oral insurance binding upon the defendant.

It is further contended by plaintiff that defendant is estopped by its conduct from denying the validity of the insurance. The conduct upon which this claim of estoppel is based is that defendant failed to notify the plaintiff of its refusal to issue the policy, failed to instruct the agent to return the premium, and retained the proofs of loss.

The record fails to disclose any acts of the defendant tending to mislead the plaintiff, or any change of position on the part of the plaintiff in reliance on defendant's acts. The defendant promptly repudiated the application and returned both application and check. Shortly after the receipt of the letter rejecting the application, Fisher delivered the application and check to plaintiff's attorney, in the presence of the plaintiff, thus bringing home to the plaintiff knowledge of the fact that the application was rejected. It is clear from the evidence that there was no disposition on the part of Fisher to keep the premium, and that an offer was made to return it. It is also clear that the plaintiff declined to accept it. The company sent no adjusters, made no investigation of the loss, and ignored plaintiff's request for blank proofs of loss. Plaintiff appears to have incurred neither trouble nor expense as the result of any act of the defendant.

This court said in *Woodard v. German-American Ins. Co.* 128 Wis. 1, 5, 6, 106 N. W. 681:

"It being established that the policy was forfeited by the commencement of foreclosure proceedings, it only remains to consider whether such forfeiture has been waived. True, the jury found that the agent of the defendant by his silence and failure to tender back any portion of the premium induced the plaintiff Woodard to believe that the policy would be continued in force notwithstanding the foreclosure proceedings, and that said plaintiff was induced to believe it was in force, and that he was put to the expense of filing proofs of loss. But these findings are wholly immaterial. The fact that Woodard believed the policy would be continued in force, or was induced to so believe by the silence of defendant or its failure to return the premium, cannot avail the plaintiffs. All that is claimed by plaintiffs is that

defendant retained the proofs of loss and failed to return the unearned premium or notify plaintiffs that it claimed a forfeiture. It is undisputed that defendant was never asked to waive the forfeiture or return any part of the premium, and that it never requested plaintiffs to make proofs of loss or incur any expense whatever."

It is considered that this case disposes of plaintiff's contention adversely to him.

*By the Court.*—Judgment reversed, and the cause remanded with directions to dismiss the plaintiff's complaint.

A motion for a rehearing was denied, with $25 costs, on January 13, 1931.