NEUBERGER, Appellant, vs. AID ASSOCIATION FOR LUTHERANS, Respondent.

*January 13—February 9, 1932.*

A. W. *Lueck* of Beaver Dam, for the appellant.

For the respondent there was a brief by *Benton, Bosser & Tuttrup* of Appleton, attorneys, and *Otto C. Rentner* of Chicago of counsel, and oral argument by *Homer H. Benton*.

OWEN, J. The defendant is a mutual benefit society with its home office at the city of Appleton, in this state. The plaintiff is the widow of Fred C. Neuberger, who died February 12, 1930. Four days prior thereto, namely, February 8, 1930, defendant's agent, H. A. Baum, solicited the said Neuberger to take out a policy of life insurance with the defendant, and it is claimed by the plaintiff that said agent then and there agreed with Neuberger that the insurance would become and be effective and in full force from the time when defendant's examining physician approved the report of the local medical examiner. The report of the

local medical examiner was approved by the defendant's examining physician at Appleton during the afternoon of February 12th. The insured died about seven o'clock in the evening of that day. An insurance certificate was issued by the defendant on the 14th day of February.

This action is based on the oral contract of insurance claimed to have been made by the agent at the time he took the application of the deceased. The complaint sets out two causes of action, one to recover on the contract of insurance and the other to recover on the breach of the contract to insure. After a trial, and a verdict by the jury, the court made additional findings and entered judgment dismissing the complaint.

It is a general proposition well supported by authorities that an oral contract to insure may be enforced and that a recovery may be had upon the oral contract of insurance or upon the breach of the contract to insure. *Taylor v. Phœnix Ins. Co.* 47 Wis. 365, 2 N. W. 559, 3 N. W. 584; *King v. Hekla Fire Ins. Co.* 58 Wis. 508, 17 N. W. 297; *Campbell v. American Fire Ins. Co.* 73 Wis. 100, 40 N. W. 661; *Zell v. Herman Farmers' Mut. Ins. Co.* 75 Wis. 521, 44 N. W. 828; *Mathers v. Union Mut. Acc. Asso.* 78 Wis. 588, 47 N. W. 1130. Actions upon oral contracts of this nature have arisen most frequently with reference to fire insurance, and it may be said that there are less difficulties in enforcing such contracts than those relating to life, health and accident, and other forms of insurance. This because of the practice established in the business world that an order for fire insurance given to a local agent has come to be regarded very much as an order given for any other commodity. The policy is issued and dated twelve o'clock noon upon the day of its order, or the day upon which it is desired to have the insurance take effect. Then, too, the statute prescribes a uniform policy for fire insurance. This is not true with life and other forms of insurance. Contracts of life insurance

are various and contain multitudinous obligations. These considerations prompted this court to hold that there was no such thing as an oral contract for health and accident insurance in this state. *Schilbrch v. Inter-Ocean Casualty Co.* 180 Wis. 120, 192 N. W. 456. While an oral contract for life insurance was upheld in *Mathers v. Union Mut. Acc. Asso.* 78 Wis. 588, 47 N. W. 1130, the force of that case as an authority is considerably impaired by *Chamberlain v. Prudential Ins. Co.* 109 Wis. 4, 85 N. W. 128. We believe that to be the only case to be found in our court where an oral contract for life insurance has been upheld. In *Whitman v. Milwaukee Fire Ins. Co.* 128 Wis. 124, 107 N. W. 291, it is pointed out that oral contracts of insurance are most unusual and constitute an innovation in established usage in the insurance business, and that one who seeks to recover upon an oral contract for insurance assumes the burden of establishing the terms of the contract, and that "the evidence required to show such meeting of minds, when the nature of the contract is of such an extraordinary character as that of an oral one of insurance, must necessarily be pretty definite."

However, the defense in this case does not rely so much upon the proposition that the terms of a contract for life insurance have not been established as it does upon the proposition that the local agent was without any authority to bind the company by the oral contract. It is not contended that he had express authority conferred upon him by his principal to enter into such contract, but reliance is placed upon sec. 209.05, Stats., which provides:

"Every person or member of a firm or corporation who solicits insurance on behalf of any insurance corporation or person desiring insurance of any kind, or transmits an application for a policy of insurance, other than for himself, to or from any such corporation, or who makes any contract for insurance, or collects any premium for insurance, or in any manner aids or assists in doing either, or in transacting

any business of like nature for any insurance corporation, or advertises to do any such thing, shall be held to be an agent of such corporation to all intents and purposes, unless it can be shown that he receives no compensation for such services. This section shall not apply to agents of licensed fraternal beneficiary societies, or mutual fire insurance companies of this state except those organized under sections 201.02, 201.04 and 201.16."

It will be noticed that by the express provisions of this section it does not apply to agents for licensed fraternal beneficiary societies. It was so held by this court in *Valerio v. Woodmen of the World,* 174 Wis. 519, 183 N. W. 697. Defendant claims that it is a fraternal benefit society, as a result of which its agents are not clothed with the statutory authority imposed upon insurance agents generally by sec. 209.05 above quoted. The plaintiff claims that it is not such a society. Sec. 208.01 (1) provides:

"Any corporation, society, order or voluntary association, without capital stock, organized and carried on solely for the mutual benefit of its members or their beneficiaries, and having a lodge system with ritualistic form of work and representative form of government, and which makes provision for the payment of death or disability benefits, or for both, is hereby declared to be a 'fraternal benefit society,' which shall be held to be synonymous with a 'mutual benefit society.' Domestic societies licensed to do business in this state as fraternal benefit societies on the first day of May, 1911, shall be considered within this subsection."

It is claimed by the plaintiff that the defendant does not have a lodge system with ritualistic form of work, nor does it have a representative form of government, and, consequently, is not the kind of a society contemplated by said sec. 208.01 (1). While the defendant claims that it has a local branch to which its beneficiaries must belong, it is not claimed that it has a lodge system with ritualistic form of work. It does claim, however, that it is a domestic society

licensed to do business in this state as a fraternal benefit society on the 1st day of May, 1911, which by this statute is made synonymous with a "mutual benefit society." Plaintiff contends that it was not such a mutual benefit society licensed to do business in this state on the 1st day of May, 1911, within the contemplation of the statute, because the mutual benefit society which the statute declared to be synonymous with fraternal benefit society was necessarily one having a lodge system and incorporated under ch. 188 of the Statutes, relating to fraternal societies. In this we think the plaintiff is in error.

The "mutual benefit society" which sec. 208.01 (1) makes synonymous with the "fraternal benefit society" authorized by sec. 208.01 (1) was the "fraternal or beneficiary corporation, society, order or association" authorized and provided for by secs. 1955$a$ and 1955$b$ of the Statutes of 1898. The defendant was licensed to transact business under these two sections of the statutes in 1902 and has been continually licensed as such from that time to the present by the insurance commissioner. We think there can be no doubt that the defendant existed as a "mutual benefit society" at the time of the enactment of sec. 208.01 by ch. 216, Laws of 1911, and its agents do not possess the powers conferred upon other insurance agents by the provisions of sec. 209.05. It follows from this that the local agent had no power to bind the defendant company in the manner attempted.

A by-law of the company provides that "each certificate of membership in this association shall be accepted and interpreted in accordance with its plans of insurance and premium rate paid thereon, and shall take effect at twelve o'clock noon standard time on the day when the same is issued." Another by-law provides that "in the event that any officer, agent, or solicitor of this association shall attempt to make any contract or stipulation whereby anything is promised to be performed contrary to the articles of incorporation, by-

laws, or the printed matter issued by the association, such promise, contract, or stipulation shall be void and of no effect." These by-laws negative any actual or express authority of the agent to bind the company by such a contract, and no implied or apparent authority can result because of the unusual character of the transaction. We discover no authority, express, apparent, or created by law, authorizing the agent to bind the company, and no obligation was imposed upon the company by reason of such a contract if there was one.

*By the Court.*—Judgment affirmed.