JOHNSTON, Respondent, vs. CHARLES ABRESCH COMPANY, Appellant.

*October 19—November 15, 1904.*

*Insurance: Bailments: Adoption of insurance contract by bailor: Bailee's failure to collect insurance on bailor's property: Parol evidence: Trial: Pleading: Cause of action, contract or tort? Cross-examination.*

1. Defendant, engaged in the business of manufacturing, buying, selling and repairing vehicles, received plaintiff's vehicle for repair, and thereafter to hold for the purpose of selling it for her.   While so held a fire occurred injuring defendant's buildings, and damaging, among other property, plaintiff's vehicle. Defendant had insurance on its stock, consisting of vehicles

manufactured and in process of manufacture, and all materials and supplies used in or appertaining to its business, "either its own or held by it in trust or on commission, or in storage or for repair, or sold but not removed." On the day following the fire, plaintiff notified defendant that she would look to it for indemnity for her loss under the insurance so effected in its name, and also so informed the representatives of the insurance companies. Defendant denied all rights of the plaintiff to indemnity, and refused to include in its proofs of loss any damage to plaintiff's vehicle above the amount due for repairs, settled with the insurance companies on such basis, and released and surrendered its policies. *Held*, that the insurance policies were unambiguous and certain, covered plaintiff's vehicle, and were an insurance to indemnify her against loss or damage thereto.

2. It is lawful for a bailee or agent holding property for the purpose of repair, or of sale, to insure it against loss or damage by fire for the protection of his special interest and that of the owner. Such insurance may be taken in the name of the possessor, and, in case of loss, the avails are to be applied in satisfaction of his claim against the property, and, if there is an amount above such claim, he holds it for the owner.

3. In such case, while it is one of the requisites of the contract that it must appear therefrom that the owner was within the contemplation of the parties when the insurance contract was made, it is not necessary that the owner should be ascertained nor that the insurance fasten on specific property, nor the owner be known at the inception of the contract. If the owner, when informed, assents to and adopts the contract, he thereby becomes entitled to its advantages as fully as if originally made by his express authority.

4. In such case, although the owner was not a party to the policies at their inception, after loss and notice, parol evidence is inadmissible to show that the policies do not embody the agreements actually made.

5. Plaintiff left her vehicle with defendant for repair and then to hold for sale on plaintiff's account. Defendant, while so holding, took out insurance covering its own property and also that held by it in trust or for repair, and its property, including plaintiff's vehicle, was damaged by fire. Defendant failed to include the value of plaintiff's vehicle in its proofs of loss, and settled with the insurance companies for less than shown by such proofs. Plaintiff, on the day following the fire, notified defendant that she looked to it for indemnity, and also so informed the insurance companies. *Held*, that the amount paid by the insurance companies should be paid to plaintiff and

defendant in such proportion as the value of the property of each bore to the whole amount paid, except that the defendant had the right to indemnify itself in full, to the extent of its interest in or lien on plaintiff's property, out of the amount recovered for the loss.

6. In such case, a complaint setting forth the contractual relationship of the parties, defendant's fault in omitting to perform its obligation and consequent pecuniary injury to plaintiff, defendant's collection of the avails of the policies and retention as its own, expressly waiving the tort, if any, and declaring that plaintiff "sues herein on implied contract," sets forth a cause of action on contract, and not one sounding in tort.

7. Where plaintiff's witness on his direct examination has not testified on a given subject, and it does not appear that any defense on that subject is involved in the action, it is not error to sustain, an objection to the cross-examination of the witness on that subject.

WINSLOW and DODGE, JJ., dissent.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Modified and affirmed.*

This is the same action considered on a former appeal (109 Wis. 182, 85 N. W. 348), where the facts are stated. After its return to the circuit court, plaintiff was allowed to amend the complaint by alleging that, by the terms of the policies of insurance and of the notice given by plaintiff after the loss, plaintiff adopted and sanctioned the contracts of insurance, and defendant was from that time bound to take such steps as might be necessary to collect from the several insurance companies her loss; that defendant refused and neglected to make proofs of her loss, or to take any steps to collect the same; that by such failure, and by accepting the sum of $13,094 and releasing the policies, defendant deprived the plaintiff of her rights and interests in the policies of insurance and the money payable thereunder, which it might have collected for her; and that, by reason of such transactions, defendant became responsible to plaintiff for such an amount of money as the plaintiff should have received, under the contracts and proof of loss, by reason of the damage to the vic-

toria, as part of the property covered by the policies. The amendment also expressly waived the tort, if any, of the defendant, and declared that plaintiff "sues herein on implied contract." The case was tried by the court, without a jury, upon the same testimony and evidence adduced upon the former trial. The court again found, as fact, that the value of the vehicle was $537; that the defendant settled with and surrendered the policies to the insurance companies, without including the damage to such vehicle in the proofs of loss; and that the plaintiff was entitled to recover such a sum in damages as she would have been entitled to receive, had the defendant included in its proofs and claims of loss the damage to said vehicle, which proportion was found to be $339.67. For this sum judgment was accordingly awarded in plaintiff's favor, and from such judgment defendant appeals.

    For the appellant there was a brief by *Fiebing & Killilea,* and oral argument by *H. J. Killilea.*

    For the respondent there was a brief by *Miller, Noyes & Miller,* and oral argument by *Geo. H. Noyes.*

    SIEBECKER, J. On the former appeal of this case it was held as to the cause of action that "the facts stated in the complaint show that this is an action for money had and received;" and the court determined, upon the pleadings and evidence then before it, that, "upon this basis, when the plaintiff proved that no claim for the value of the property was made to or adjusted by the insurance companies, her cause of action entirely failed, and the motion for a nonsuit ought to have been granted." It is manifest from the opinion that this was the only question considered and passed upon by the court. After the case was remanded the trial court allowed plaintiff to amend her complaint by striking out certain allegations, and by inserting and adding new matter. The amendments were objected to for the reason that they entirely changed the cause of action from one in contract to one

charging a tort. To determine the merit of this objection, it will be best to consider first the nature of the insurance contracts involved, and the rights and liabilities of the plaintiff, the defendant, and the insurance companies under them. The condition of the policies upon which plaintiff relies to sustain her claim prescribed that the amount of insurance on stock should attach "to stock consisting chiefly of carriages, buggies, wagons, cutters, sleighs and other vehicles and parts of the same, manufactured and in process of manufacture, and all materials and supplies used in or appertaining to its business, *either its own or held by it in trust or on commission, or in storage or for repairs, or sold but not removed.*" It is shown by the facts that the defendant was engaged in the business of manufacturing, buying, selling, and repairing various kinds of vehicles, and while so engaged, some time prior to April 13, 1898, received plaintiff's victoria for repairing it, and thereafter to hold it for the purpose of selling it for her. While it was so held, and while the insurance in question was in force, a fire occurred on this date in defendant's buildings, injuring them, and damaging, among other property, this victoria. Plaintiff on the day following the fire notified the defendant that she should look to it for indemnity for her loss under the insurance so effected in its name, and she so informed the representative of the insurance companies. Defendant denied all rights of the plaintiff to indemnity, and refused to include any damage to the victoria, in the proof of loss under the policies, above the amount due it for repairs upon the victoria before the fire. It is contended in its behalf that the insurance effected by it covered only its interest in the property destroyed or injured by the fire. If this is the true meaning of the contracts, then plaintiff has no cause of action.

The meaning of these contracts, like that of all others, is to be ascertained from the phraseology employed by the parties as embodying their intention, in the light of the circumstances under which they were made. Turning to the clause

of the policies under consideration, it appears that the insurance companies agreed to insure against loss and damage by fire the stock and material contained in the specified buildings, "either its own or held in trust, or on commission, or in storage for repairs, or sold but not delivered." This language appears to us as clearly and definitely embodying an intention that the insurance under the policies should attach to the property, in whichever of the conditions set forth it should be, whether owned by it, or owned by third parties but "held in trust," or under any of the other conditions specified by which it had the possession intrusted to it as representative of the owners, and for the return whereof it was responsible to them. There is no ambiguity in the subject or property insured, nor can we find any uncertainty in the interest insured. It includes the property of defendant and that of others held by it. To import into the policies the meaning contended for by defendant—that only its interest in the property held by it was insured—would require that terms of limitation be imported into the policies, so obviously necessary to give it such a meaning that it cannot be reasonably supposed they were omitted by the parties, and especially so in view of the plain and explicit declaration that the property itself is insured, against any loss or damage thereto, in amounts not exceeding the sum given in the policies. We are led to the conclusion that the policies cover the property, and are an insurance to indemnify against loss or damage to the property so covered, and that the contracts are without ambiguity or uncertainty. *Home Ins. Co. v. Baltimore W. Co.* 93 U. S. 527; *Waters v. Monarch F. & L. A. Co.* 5 E. & B. 870; *De Forest v. Fulton F. Ins. Co.* 1 Hall, 94; *Waring v. Indemnity F. Ins. Co.* 45 N. Y. 606.

This leads us to ascertain whether the assured was so circumstanced in reference to this property that it could effect insurance for the benefit of itself and the interest of others in it. The fact is shown that defendant held the property for

the purposes of repair and sale for the owner. It is well established that a bailee or agent holding property for the purpose of repair or of sale may insure it against loss or damage by fire for the protection of his special interest and that of the owner, and that this insurance may be taken in the name of such possessor, and in case of loss the avails of the policy may be applied in satisfaction of his claim against the property, and, if there is an amount above such claim, he holds it for the owner. *Strohn v. Hartford F. Ins. Co.* 33 Wis. 648; *Waring v. Indemnity F. Ins. Co., supra; Home Ins. Co. v. Baltimore W. Co., supra; Stillwell v. Staples,* 19 N. Y. 401; *Snow v. Carr,* 61 Ala. 363. Such insurance has commonly been supported upon the grounds that a person having a special interest in property for which he is responsible to the owner may protect himself in this manner, and, should he be unable to restore the property through loss by fire, he will thereby be assured of rendering its value to the owner to the extent of the indemnity. One of the requisites of such contracts is that it must appear from the contracts that the owner was within the contemplation of the parties when they made the contracts. This does not mean that each party must be ascertained when the policy issued, for it is presumed that the parties intended that the insurance provided for in the policy shall inure to the benefit of every person who assumes the relationship to the assured covered in the contracts, whenever a loss occurs to property covered by its terms. This presumption that every person assuming the specified relationship was within the intention of the terms of the policy is binding upon the insurer as well as the assured, and cannot be varied or contradicted unless it be shown that there was an understanding between the owner, the party effecting the insurance, and the insurer that such owner's interest was not to be included. But this can in no way affect the rights of other owners bearing the same relationship to the assured, when the terms of the contract include their interest. Neither

is it essential to validate such a contract that the insurance
fasten upon specific property, nor need the owner be known
at the inception of the agreement, for the very object of such
insurance is to meet the shifting exigencies of trade and com-
merce. The insurers are supposed to have intended that all
persons assuming the relationship prescribed by the policy
were within the protection of the agreement, if, when in-
formed of its existence, they assent to and "adopted the acts
of the agent and thus entitled themselves to all the advan-
tages of the contract as fully as if originally made by their
express authority." *Stillwell v. Staples, supra; Bassett v.
Hughes,* 43 Wis. 319; *McDowell v. Laev,* 35 Wis. 171; *War-
ing v. Indemnity F. Ins. Co.* 45 N. Y. 606. The right of
such adoption and ratification continues while the contract is
in force, and the fact that the loss has occurred has been held
not to preclude the owner from exercising it within a reason-
able time thereafter. *Stillwell v. Staples, supra; Snow v.
Carr, supra; Watkins v. Durand,* 1 Port. (Ala.) 251.

It is urged that, since plaintiff was not a party to the poli-
cies at their inception, they can be modified to express the
intention of the original parties if they can show that the con-
tracts do not embody the agreements actually made. This
right, is, however, limited when third parties acquire an in-
terest in the subject of the contracts, and the right no longer
exists after the owner has sanctioned and adopted them, for
the reason that he is no longer a stranger to the contracts, but,
in legal effect, has become a party thereto, and thereafter the
written contracts between the parties and those claiming
under them cannot be contradicted, varied, or modified by
parol. As stated in *Minneapolis, St. P. & S. S. M. R. Co. v.
Home Ins. Co.* 55 Minn. 236, 56 N. W. 815:

"As to the rights which originate in the relationship es-
tablished by the written contract, or are founded upon it, the
rule against varying it applies." *Bassett v. Hughes, supra;
Libby v. Mt. Monadnock, M. S. & L. Co.* 67 N. H. 587, 32
Atl. 772.

It is further contended that the court erred in awarding plaintiff a recovery, because it appears that the whole amount paid is not sufficient to pay defendant's damage, as shown by its proof of loss. It has been shown above that the policies must be construed to be an insurance of all the stock held by the defendant, whether its own, or held by it for others, under the conditions expressed in the terms of the clause covering this property. From this it follows that whatever amount was paid by the insurance company to indemnify such damage and loss must be paid to the owners in such proportion as the value of the property of each bears to the whole amount paid, except that the defendant has the right to indemnify itself in full, to the extent of its interest or lien on the property, out of the amount due for the loss. In *Snow v. Carr,* 61 Ala. 363, the court, speaking on this question, declares:

"That the sum at which the policy was valued may have been less than the value of all the articles consumed does not destroy the right of any for whose benefit the insurance was effected to his proportion of the proceeds."

Many of the cases cited above sustain this apportionment and application of the avails of the insurance, and are corroborated by the following: *Siter v. Morrs,* 13 Pa. St. 218; *Johnson v. Campbell,* 120 Mass. 449; *Boyd v. McKee,* 99 Va. 72, 37 S. E. 810; *Lucas v. Ins. Co.* 23 W. Va. 258.

The court found upon the evidence that the amount justly due plaintiff, as owner of the victoria, if defendant had included the damages to it ($537) in its proof of loss, amounted to $339.67, but allowed nothing out of said sum to defendant in payment of the special interest or lien it had on the property, and which is found amounted to $30. Deducting this amount would leave a balance in plaintiff's favor in the sum of $309.67. If we apply the foregoing proposition of law to the facts and circumstances of the case, namely, that defendant effected insurance of plaintiff's property, while in its custody and possession, for her; that plaintiff adopted

the contracts, and so notified defendant and the insurance companies before the proofs of loss were made to it; that defendant refused to include plaintiff's property, and settled the loss and surrendered the policies without her consent—it follows that, under the relation between plaintiff and defendant, the insurance effected by defendant covered the property, defendant was to be indemnified to the extent of its interest, and whatever amount was due on the policies above this sum for this property belongs to plaintiff, as owner, and defendant should have collected it under the policies in its name, as trustee of an express trust, under sec. 2607, Stats. 1898, as pointed out in *Strohn v. Hartford F. Ins. Co., supra,* and some of the New York cases cited above. We find nothing in the case of *Wunderlich v. Palatine F. Ins. Co.* 104 Wis. 395, 80 N. W. 471, in any way conflicting with these conclusions; nor does the opinion of the court, in our view of its terms, declare that contracts of insurance like those in the instant case are not an insurance of the whole property for the protection of the interest of the assured and of the owner. In this view of the relationship of the parties, it is obvious that defendant violated a duty imposed by the contractual relation between it and plaintiff; and, when it omitted to include plaintiff's property in making proof of loss under the policy, it became liable for the damage resulting from such default.

It is claimed that plaintiff's cause of action as stated in her amended complaint is one sounding in tort, instead of contract. We do not so interpret the facts alleged. The allegations contain all the facts setting forth the contractual relationship of the parties, defendant's fault in omitting to perform its obligation imposed thereby, and a consequent pecuniary injury to her. Allegations of fact that the defendant has collected the avails of the policies, and retains them as its own, do not alter the character of the complaint, under the facts above stated. We think the court properly allowed the amendment of the complaint.

Error is assigned upon the ruling of the court sustaining an objection to the cross-examination of plaintiff's agent as to whether certain other insurance on complainant's barn covered this victoria. The record discloses nothing to indicate that this witness had testified on this subject in his direct examination, nor does it appear that any defense is pleaded to the effect that plaintiff's damage or loss was covered or paid her under any other policy than those involved in this case. Under these circumstances, the ruling was proper.

*By the Court.*—The judgment is modified by reducing the damages to the sum of $309.67, with interest amounting to $97.16, together with the sum of $45.63, costs and disbursements, amounting in all to the sum of $442.46, and as so modified the judgment is affirmed; respondent to recover her costs on this appeal.

WINSLOW and DODGE, JJ., dissent.