KELLNER, Respondent, vs. FIRE ASSOCIATION OF PHILADEL-
PHIA, imp., Appellant.

*February 1—May 8, 1906.*

*Fire insurance: Policy issued to carrier on goods in its custody: Con-
struction: Property covered: Rights of owners: Proofs of loss.*

1. Where goods shipped to plaintiff were allowed, in accordance
   with an arrangement of long standing between him and the
   carrier, to remain in the latter's warehouse until plaintiff should
   by written order direct delivery to his customers, such goods
   were in the custody of the carrier "as warehouseman, forwarder,
   carrier, or otherwise," within the meaning of a fire insurance
   policy issued to the carrier.

2. A policy issued to a carrier and insuring it "and other owners as
   interest may appear" against loss by fire "on merchandise and
   property of every description, loaded or not loaded in cars, in-
   cluding freight, back charges, charges, advances, liens, and
   claims thereon, their own or in their custody as warehousemen,
   forwarders, carriers, or otherwise, contained in" a certain ware-
   house, covers the property designated and not merely the car-
   rier's interest or liability in respect to it.

3. A stipulation in such a policy provided that the carrier, although
   it may or may not be liable for any loss, shall, after a loss, give
   notice to said assurer who was insured thereby, and that said
   notice shall be conclusive upon the assurer as to who, in ad-
   dition to said carrier, was so insured. *Held,* that this gave the
   carrier no right to cut off, by electing not to include, certain
   owners of property covered by the policy.

4. Under such a policy an owner of property covered thereby had a
   right, when a loss occurred, to adopt the acts of his agent, the
   carrier, and thereby to secure the benefit resulting from the pol-
   icy, the same as if it had originally been issued to such owner.

5. The insurance company was notified of a fire by the assured soon
   after its occurrence, and the assured submitted an itemized
   statement of the different articles destroyed, in the form of two
   schedules, one containing those articles which the assured
   claimed were covered by the policy, and the other containing
   the articles (including plaintiff's goods) which may have been
   covered. *Held,* that this was sufficient notice and proof of loss
   to entitle plaintiff to enforce his claim against the insurer.

APPEAL from a judgment of the circuit court for Milwau-
kee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

This action is brought to recover the value of property destroyed by fire and which is claimed to have been covered by and included in the policies of insurance issued by the appellant and other insurance companies. Between March 29 and May 20, 1895, these insurance companies, pursuant to agreement, delivered to the Erie & Western Transportation Company their policies of insurance. The insurance clause of appellant's policy and of the other companies provides that:

"The Erie & Western Transportation Company, the Chicago, Milwaukee & St. Paul Railway Company, and the Canal & Lake Steamboat Company, and other owners as interest may appear, are hereby insured against loss by fire on merchandise and property of every description, loaded or not loaded in cars, including freight, back charges, charges, advances, liens, and claims thereon, their own or in their custody as warehousemen, forwarders, carriers, or otherwise, contained in building known as the Chicago, Milwaukee & St. Paul Company's freight house No. 10," situated at Milwaukee, Wisconsin.

During the life of these policies the Erie & Western Transportation Company received at a lake port a shipment of coffee belonging to the plaintiff and shipped from Baltimore to Milwaukee. The company carried the coffee to Milwaukee and on August 11, 1895, unloaded it from the boat and placed the goods in the warehouse designated in the policies. They were accustomed to receive and store their goods in this warehouse. On August 22, 1895, the warehouse and other property, among which was plaintiff's coffee, were destroyed by fire. For many years plaintiff had been a coffee merchant at Milwaukee. He had shipped his goods over the defendant transportation company's line of steamers for many years, and after their arrival and until sold had kept them with the company in their warehouse, the company making delivery to his customers on his orders, without making any charge against him, in addition to the transportation charges, for this accommodation. At the time of the fire part of the coffee had

been delivered to plaintiff's customers upon his order. Plaintiff had paid the freight on August 19th. A few days after the fire the transportation company informed plaintiff of the insurance and requested a statement of his loss. Plaintiff furnished such statement. Afterwards the transportation company, by agreement with the insurance companies, which denied liability for plaintiff's loss and for some other property destroyed by the fire in the warehouse, submitted two statements, Exhibit A and Exhibit B; setting forth in Exhibit A that all the property named therein was covered by and included in the insurance, Exhibit B being a list of property destroyed by the fire, among which was plaintiff's, which may have been covered by the policies. By a provision of the policies the amount due was payable to the treasurer of the transportation company. The policies also provided that:

"The companies named herein as the assured (although they may or may not be liable for any loss) shall, after a loss, give notice to said assurer who was insured hereby, and said notice shall be conclusive upon the assurer as to who, in addition to the said companies, was so insured."

Plaintiff demanded that the transportation company collect his loss from the insurance companies, and upon the refusal of the treasurer of the transportation company to so do and the refusal of the insurance companies to pay him he brought this action.

The trial court awarded judgment in plaintiff's favor against defendants, apportioning plaintiff's loss among the several insurance companies in sums proportional to the amount of insurance carried by each company. The whole insurance amounted to $40,000. This is an appeal from such judgment.

For the appellant there was a brief by *W. H. Mylrea* and *Guy D. Goff,* and oral argument by *Mr. Mylrea* and *Mr. C. F. Hunter.* They contended, *inter alia,* that under a contract providing for the insurance of a specified person "and other

·owners, as interest may appear," or similar terms, the question as to who are the "other owners" is governed by the intention of the party taking out the policy at the time of the making of the contract. *The Sidney,* 23 Fed. 88, 93; *The Sydney,* 27 Fed. 119, 125; *Fire Ins. Asso. v. M. & M. Transp. Co.* 66 Md. 339, 348, 7 Atl. 905; *Steele v. Franklin F. Ins. Co.* 17 Pa. St. 290; *Duncan v. China Mut. Ins. Co.* 129 N. Y. 237; *Hooper v. Robinson,* 98 U. S. 528; *Home Ins. Co. v. Baltimore W. Co.* 93 U. S. 527; *Sturm v. Boker,* 150 U. S. 312, 333; *Hagan v. Scottish Ins. Co.* 186 U. S. 423, 429, 430. When policies are written to cover the property of "whom it may concern," or "other owners," it must be admitted that there is at least an ambiguity as to who are the parties concerned and as to who are the owners; and under such circumstances extrinsic evidence is proper to make certain what otherwise would be uncertain. *Finney v. Bedford Comm. Ins. Co.* 8 Met. 348; *Shawmut S. R. Co. v. Hampden Mut. Ins. Co.* 12 Gray, 540; *German F. Ins. Co. v. Thompson,* 43 Kan. 567; *Paradise v. Sun Mut. Ins. Co.* 6 La. Ann. 596; *Catlett v. Pacific Ins. Co.* 1 Wend. 561; *Turner v. Burrows,* 8 Wend. 144; *Lee v. Adsit,* 37 N. Y. 78; ·*Clinton v. Hope Ins. Co.* 45 N. Y. 454; *Foster v. U. S. Ins. Co.* 11 Pick. 85. But in the case at bar there is no ambiguity. The contract by its very terms provides a method by which it may be determined who are the "owners as interest may appear," because the party taking out the insurance is ·authorized to determine after loss and notify the assurer who were the persons insured; and such notice is conclusive upon the assurer. The fundamental doctrine governing this class ·of policies "for whom it may concern," or "owners as interest may appear," rests in the law of agency. The party taking out the policy, or, in other words, making the contract, ·is supposed to act as the agent of the "owners as interest may appear," and this assumed agent's act is given force and vitality by the doctrine of ratification; and when, even after loss,

the owner appears and claims under the contract, he ratifies it. *Augusta Ins. & B. Co. v. Abbott,* 12 Md. 348; *Newson's Adm'r v. Douglass,* 7 Harr. & J. 417; *Cincinnati Ins. Co. v. Rieman,* 1 Disney (Ohio) 396; *Haynes v. Rowe,* 40 Me. 181. To permit the plaintiff *Kellner* to recover on the contract is to say that a principal may ratify part of a contract made by his agent and disaffirm the balance of the contract, gaining thereby certain rights not contemplated by the parties to the agreement.

For the respondent there was a brief by *C. H. Van Alstine* and *Robert N. McMynn,* and oral argument by *Mr. Van Alstine.* They argued, among other things, that the policies cover the property of others in the custody of the applicants for the policies as warehousemen, forwarders, carriers, or otherwise, and not the interest of the applicants in the property of others created by liens thereon, or the liability of warehousemen, forwarders, or carriers. *Home Ins. Co. v. Baltimore W. Co.* 93 U. S. 527; *Home Ins. Co. v. Peoria & P. U. R. Co.* 78 Ill. App. 137, affirmed *S. C.* 178 Ill. 64, 52 N. E. 862; *Robbins v. Firemen's Fund Ins. Co.* 16 Blatch. 122, 126; *Pelzer Mfg. Co. v. St. Paul F. & M. Ins. Co.* 41 Fed. 271, 273; *Comm. v. Hide & L. Ins. Co.* 112 Mass. 156; *Wunderlich v. Palatine F. Ins. Co.* 104 Wis. 395, 400, 401. Parol evidence was offered to the effect that the transportation company intended only to insure such owners of merchandise in the freight house described as it should be liable to in case of the loss of their property by fire, but the insuring clause of the policy is not ambiguous and the evidence was inadmissible. *Home Ins. Co. v. Baltimore W. Co.* 93 U. S. 527; *California Ins. Co. v. Union C. Co.* 133 U. S. 387, 418; *Hough v. People's F. Ins. Co.* 36 Md. 398; *Fire Ins. Asso. v. M. & M. Transp. Co.* 66 Md. 339. Although the transportation company obtained the policies and paid the premiums, the policies covered such persons and property as that company intended them to cover at the time the policies

were issued. *Waring v. Indemnity F. Ins. Co.* 45 N. Y. 606, 613; *Duncan v. China Mut. Ins. Co.* 129 N. Y. 237; *Hooper v. Robinson,* 98 U. S. 528; *Home Ins. Co. v. Baltimore W. Co.* 93 U. S. 527; *Sturm v. Boker,* 150 U. S. 312, 333; *Hagan v. Scottish Ins. Co.* 186 U. S. 423, 429, 430, 433; *Strohn v. Hartford F. Ins. Co.* 33 Wis. 648; *Johannes v. Phenix Ins. Co.* 66 Wis. 50; *Wunderlich v. Palatine F. Ins. Co.* 104 Wis. 395; *Johnston v. Charles Abresch Co.* 123 Wis. 130. The notice clause does not operate to cut down or restrict the general language of the insuring clause. It was inserted for the purpose of requiring the applicants for the policies to give to the insurance companies, after a loss, the names of those for whom they were at the time of the fire acting in the capacity of warehousemen, forwarders, carriers, or otherwise. This is a reasonable construction, and accords with just what the companies named as the assured did do, as evidenced by the contract of February 12, 1896.

The following opinion was filed February 23, 1906:

SIEBECKER, J. The contract of insurance provides that the transportation company "and other owners as interest may appear" are to be indemnified against loss by fire of the property described and contained in the warehouse specified in the policies, including certain claims thereon, whether "their own or in their custody as warehousemen, forwarders, carriers, or otherwise." It is contended that this agreement covers only such property and such interest therein as the transportation company and the insurance companies intended to include; that from the phraseology employed it is manifest that the transportation and insurance companies contemplated only such property and interests in property as the transportation company had within its warehouse and to which it saw fit to attach the insurance; and that this intention of the parties to the insurance is shown by the subsequent provisions of the policies, authorizing the transportation company to

designate what owners of property were to be included in the policies. Neither the transportation company nor the insurance companies deny that the policies cover the interest of the owners of the property designated in Schedule A, which was property stored in the warehouse at the time of the fire and held in the custody of the transportation company in the course of its business. It is urged, however, that plaintiff's property was not held by the transportation company, but that he left it in the warehouse after delivery for his accommodation, and not within the possession or control of the transportation company as his agent, and for this reason he cannot be deemed to come within the terms of the policy. It may be assumed that the transportation company gave immediate notice to plaintiff of the arrival of his goods; the facts, however, show that they were held for him in the course of their business arrangements until by written order he directed delivery to his customers. It seems that this arrangement was of long standing and was an inducement to plaintiff to ship his goods over the transportation company's line. There can be no serious question but that plaintiff would have been liable for reasonable additional charges for such storage of his goods had the company chosen to demand it. Under these circumstances the transportation company was the custodian of the goods of the plaintiff, and as such, under the agency specified by the broad terms of the policies, held them for plaintiff, either "as warehousemen, forwarders, carriers, or otherwise." This brought plaintiff within the conditions of the policies and effected insurance on his property in the company's custody, unless it be considered that no indemnity was undertaken against its loss under the insurance clause covering the property of the transportation company and "other owners as interest may appear." The language of this clause in the policy is unambiguous and plain and insures the property designated against loss, and cannot be limited to the interest or liability of the transportation company in respect to

it. This harmonizes with the interpretation given to the contract by the insurance and transportation companies as to a portion of the property destroyed, in that they thereby recognized the insurance as being upon the property in the custody of the transportation company and not an insurance of only such property as might be selected by the transportation company. *Wunderlich v. Palatine F. Ins. Co.* 104 Wis. 382, 393, 80 N. W. 467; *Strohn v. Hartford F. Ins. Co.* 33 Wis. 648; *Johannes v. Phenix Ins. Co.* 66 Wis. 50, 27 N. W. 414; *Johnston v. Charles Abresch Co.* 123 Wis. 130, 101 N. W. 395, and cases cited.

It is insisted, however, that this construction of the contract is opposed by the subsequent stipulation providing that "the companies named herein as the assured (although they may or may not be liable for any loss) shall, after a loss, give notice to said assurer who was insured hereby, and said notice shall be conclusive upon the assurer as to who, in addition to said companies, was so insured." It is averred that the terms of this stipulation clearly show that the indemnity for loss was to be limited to the property which the transportation company elected to include. Practically, this construction allows the transportation company at its option to cut off any and all claims for loss of property in its custody which was plainly covered by the terms of the policies, and thereby to deprive the owner of the lost property of a right clearly within the terms of the agreement. Such a construction should not be approved if the agreement can be given a reasonable meaning consonant with the intention expressed in the other parts of the policies and by which the rights and interests of the property owners will be preserved. In effecting the insurance the transportation company acted as the representative and agent of the property covered by the terms of the policies, by the terms it fixed the class of owners whose property was insured, and by the notice clause it undertook to notify the insurance companies of what persons were in

fact so insured; and the insurance companies assented to the conclusiveness of such ownership. Under the notice this provision in effect provided that the insurance companies were bound, as to who were the owners of the property destroyed, by the notice of the transportation company, but it gave the transportation company no power to cut off any right acquired by owners of property covered by the insurance clause. This interpretation of the stipulation gives reasonable significance to its terms and preserves the rights of all the parties under the other agreements of the policies. Such a construction seems to be the plain meaning of the language employed, which must be deemed to have been so used by the contracting parties. This results in giving effect to all parts of the policies as undertakings to indemnify all of the class of owners in which the transportation company had a special interest, and therefore it includes every person embraced in the class. Under such circumstances the owners had the right, when the loss occurred, to adopt the acts of their agent, the transportation company, and thereby to secure the benefit resulting from the policies, just as though they had originally been expressly issued to them. *Johnston v. Charles Abresch Co.,* *supra,* and cases cited. This right was asserted by the plaintiff in his claim after the fire and it was sufficiently brought to the attention of the assurers and the other assured.

We find no foundation for the claim that the action cannot be maintained because there is no evidence showing that notice and proof of loss were given and made as required by the contract. It appears that the insurance companies were notified of the fire by the assured soon after its occurrence, and that the assured submitted an itemized statement of the different articles destroyed by the fire; this statement being in the form of two schedules, designated as "A" and "B," the former containing those articles which the assured claimed were included, and the latter those articles and the names of the owners which may have been insured under the policy.

This notice is not disputed, but it seems that there is a dispute between the parties as to whether the property described in the latter list was covered by the insurance. We must hold that the assured gave notice and submitted adequate proof of loss to entitle plaintiff to enforce his claim in this action. *Vangindertaelen v. Phenix Ins. Co.* 82 Wis. 112, 51 N. W. 1122; *Flatley v. Phenix Ins. Co.* 95 Wis. 618, 70 N. W. 828; *Welch v. Fire Asso.* 120 Wis. 456, 98 N. W. 227.

*By the Court.*—The judgment is affirmed.

A motion for a rehearing was denied May 8, 1906.