RICHARTZ and another, Plaintiffs and Respondents, vs. MARTIN; Defendant and Respondent: GENERAL CASUALTY COMPANY OF WISCONSIN, Defendant and Appellant.*

*January 12—February 17, 1948.*

* Motion for rehearing denied, with $25 costs, on April 13, 1948.

*E. B. Bundy* of Eau Claire, for the appellant.

For the respondents T. C. Richartz and William P. Beilfus there was a brief by *Slocumb & Bundy,* and oral argument by *Ira O. Slocumb* and *Ronald J. Carey,* all of Menomonie.

For the respondent Floyd Martin there was a brief by *Ellingson & Smith* of Menomonie, and oral argument by *C. E. Smith.*

WICKHEM, J.   On or about January 1, 1941, defendant Floyd Martin purchased a new International truck from plain-·tiffs.   On January 9, 1941, defendant General Casualty Company issued a policy of insurance to Martin describing this truck and providing for insurance against public liability, property damage, fire, theft, and tornado.   The policy disclosed that the truck was incumbered by a mortgage in favor of Ridgeland Farmers State Bank. In the spring of 1941, Martin had had some trouble with the truck and returned it to plaintiffs for repairs.   Since he was hauling milk and could not be without transportation plaintiffs loaned a truck to Martin.   Martin was a contract motor carrier and as a condition to a permit from the Wisconsin public service commission was required to maintain insurance against liability and property damage.   He applied to defendant Casualty Company to transfer the insurance on his own truck to the borrowed truck until repairs were completed.   The company honored· this request and transferred the public-liability and property-damage coverage without an additional premium charge. This transaction ended without incident but in November,

1941, Martin again had trouble with his truck, returned it to plaintiffs and received the loan of another truck. The chassis of this truck belonged to plaintiffs but the van and snowplow were removed from Martin's truck and attached to this chassis. He used the borrowed truck for several days without requesting a change in insurance. On December 5th he applied to the local agent of the Casualty Company and told him that he was using the truck and ". . . I would like to have it covered, transferred same as I did before, told him what kind I had, International." The agent said he would take care of it. It was too late for a letter to go out to Madison that day and nothing more was done about the coverage. The loaned truck was destroyed by fire that night.

Several questions are raised. The first is that plaintiffs as bailors of the loaned truck have no cause of action directly against the insurance company since the policy was not issued to them and they were not named or otherwise referred to in the policy and that this rule applies in spite of the fact that the bailor had a financial interest in the subject of the bailment.

We are of the view that this contention cannot be sustained. Martin was a bailee who had contracted for insurance on the bailed goods and under the general rule where the bailee has taken out such insurance the bailor may maintain an action directly against the insurer even though not named in the policy. It was so held by this court in cases where insurance was taken out expressly for the benefit of other owners as their interest might appear. *Kellner v. Fire Asso.* 128 Wis. 233, 106 N. W. 1060; and *Johnston v. Charles Abresch Co.* 123 Wis. 130, 101 N. W. 395. That is the general rule with some contrariety of opinion, even though the policies are payable to or adjustable with the bailee only. *Gardner v. Freystown Mut. Fire Ins. Co.* 350 Pa. 1, 37 Atl. (2d) 535. See 6 Am. Jur., p. 383. It is not an objection to plaintiffs' right to maintain this action that they were not named or their interest referred to in the policy.

The next question is whether an oral contract of insurance covering the destroyed truck was here effected.  The trial court found that Martin demanded a transfer of coverage and that Hanson, agent for defendant Casualty Company, agreed to such a transfer, thereby creating a binder of insurance covering the bailed truck.  The evidence clearly supports this finding and the validity of an oral contract of temporary insurance is established by the decisions of this court in *Zell v. Herman Farmers' Mutual Ins. Co.* 75 Wis. 521, 44 N. W. 828; *Neuberger v. Aid Association for Lutherans*, 207 Wis. 133, 240 N. W. 885.   It is suggested by defendant Casualty Company that in any case the intention was to transfer only liability and property-damage coverage; that as to these items the Casualty Company would sustain no new or different liability on the borrowed truck than it sustained on Martin's own truck; that in the previous transaction in which there had been a transfer the company had transferred only the liability and property-damage coverage to the borrowed truck and that it must be supposed that Martin intended to keep fire insurance upon his own truck since it continued to be subjected to the hazards of fire.   There is no basis in the record for a finding that the parties intended to differentiate between types of coverage.   The request and the assent was to a full transfer of coverage and it must be concluded that that was the understanding as found by the trial court.

The last question has to do with the propriety of allowing recovery on the truck van and snowplow, both of which belonged to Martin and were covered by the original policy, either as part of the truck or as equipment.   It is contended by defendant Casualty Company that these items constituted equipment and were only covered by the policy so long as they were equipment on the Martin truck.   We are of the view that this misses the point.   The borrowed truck consisted of a chassis owned by plaintiffs, a van and snowplow owned by Martin.   When loaned it was a truck with equip-

ment.   The coverage was transferred to this truck and its equipment.   It may well be that as long as the original policy applied to Martin's truck it did not cover items of equipment separated and stored in various places.   It is certain, however, that the transfer covered the borrowed truck and its equipment wherever the latter came from.   This does not violate the principle upon which the contention of defendant Casualty Company is based.

It is contended by defendant Casualty Company that section IV of the policy which is labeled "Automatic Insurance for Newly Acquired Automobiles" is not applicable because it applies only to newly purchased automobiles which actually replace the machine covered by the policy.   In view of the foregoing conclusions we deem it unnecessary to consider the proper construction of this clause.

*By the Court.*—Judgment affirmed.