STILWELL FROZEN FOODS, INC., a Corporation, Plaintiff,

v.

NORTH BRITISH AND MERCANTILE INSURANCE COMPANY, Defendant.

Civ. A. No. 1534.

United States District Court
W. D. Arkansas,
Fort Smith Division.

July 5, 1960.

Daily & Woods, Ft. Smith, Ark., for plaintiff.

John M. Lofton, Jr., Little Rock, Ark., for defendant.

JOHN E. MILLER, Chief Judge.

This case is before the court upon defendant's motion to dismiss.

The complaint contains sufficient jurisdictional allegations and the following pertinent paragraphs:

"II.

"In August and September of 1959 plaintiff delivered to Zero Mountain, Inc. at the latter's place of business near Fayetteville, Arkansas, 97,575 pounds of okra for freezing and storage. It was the duty of Zero Mountain, Inc., under its agreement with plaintiff, that it would freeze and store the okra in accord with accepted trade practices and redeliver the okra to the order of plaintiff upon its request. The said okra was delivered to Zero Mountain, Inc., in good condition and already packaged for freezing and storage. When plaintiff made demand upon Zero Mountain, Inc. for delivery of the okra to plaintiff's order it was then discovered that the okra, while in the care, custody and control of Zero Mountain, Inc., had become unfit for consumption and therefore valueless.

"III.

"The value of the okra that became unfit for consumption while in the care, custody and control of Zero Mountain, Inc. was $18,464.40. In addition, Zero Mountain, Inc. charged the plaintiff the sum of $716.59 for freezing and storing the okra. Thus the total damage sustained by plaintiff as the result of the loss of its okra while in the custody of Zero Mountain, Inc. was $19,180.99.

"IV.

"It is plaintiff's information and plaintiff therefore alleges that prior to the year 1959 the defendant had issued to Zero Mountain, Inc. a policy of insurance insuring against all loss sustained to vegetables and other property being stored by Zero Mountain, Inc. for its customers. This policy was in effect at all times material herein.

"V.

"The plaintiff paid Zero Mountain, Inc. a consideration for the freezing and storing of the said okra, and thus plaintiff was a customer of Zero Mountain, Inc. at all times in question. Being a customer of Zero Mountain, Inc., plaintiff has a right to recover the amount of its loss against the defendant, North British and Mercantile Insurance Company, under the above mentioned policy.

"VI.

"Plaintiff states that it has made demand upon the defendant for payment of the said amount of $19,-180.99, and has also made demand upon defendant that the latter make available to plaintiff for inspection the insurance policy issued by defendant to Zero Mountain, Inc. The defendant has denied any liability under said policy and has failed and refused to make available to plaintiff a copy of the said insurance policy for plaintiff's inspection."

Service was duly had on the defendant, and on June 1, 1960, defendant filed its motion to dismiss in which it alleged that "the complaint of the plaintiff fails to state a cause of action upon which a recovery may be had against this defendant for the following reasons":

"1. The policy of insurance sued on by the plaintiff is a contract of

insurance by and between Zero Mountain, Inc., and the defendant to which contract the plaintiff is not privy.

"2. The plaintiff paid no consideration for the issuance of the policy of insurance sued on.

"3. There was no agreement on the part of the bailee, Zero Mountain, Inc., to maintain insurance upon the goods received from the plaintiff for the benefit of the plaintiff.

"4. That the cause of action of the plaintiff, if any, is against Zero Mountain, Inc., and not this defendant."

A copy of the insurance contract in question was attached to defendant's motion. The applicable provisions provide:

"1. This policy covers meats, poultry, game, vegetables and property of a similar nature, (hereinafter called property), belonging to customers and accepted by the Assured for storage exclusive of any property belonging to the Assured or any subsidiaries or affiliates of the Assured.

"2. This insurance attaches while the insured property is in the custody or control of the Assured during transportation, and during preparation for and while in cold storage lockers at Fayetteville, Arkansas.

"3. This Policy Insures Against: All risks of physical loss of or damage to the insured property (except as specifically excluded)." (The named exclusions are not pertinent in this case.)

■■ The problem faced by the court in this case is the proper characterization of the plaintiff. The court must determine whether the plaintiff is a donee beneficiary to the insurance contract with the right to sue the insurer directly, or whether it is merely an incidental beneficiary with no right of action. Questions of necessary and proper parties in actions arising out of insurance policies are governed primarily by the general rules which cover those questions in other actions ex contractu. 29 Am. Jur., Insurance, Sec. 1806.

Reference to the Arkansas cases concerning the rights of donee, or third-party, beneficiaries to bring suit on a contract discloses that there are two lines of reasoning. The older rule is succinctly stated in the opinion of Judge Stone in Gravelle Const. Co. v. Board of Commissioners, 8 Cir., 1936, 82 F.2d 391. At page 393 Judge Stone states:

"Whether a contract is of a character that it can be taken advantage of by a third person not a party thereto must be ruled by the local law of Arkansas. Federal Surety Co. v. Minneapolis Steel & Machinery Co., 17 F.(2d) 242, 245, (C.C. A.8); M. E. Smith & Co. v. Wilson, 9 F.(2d) 51, 52 (C.C.A.8). The Arkansas decisions seem to follow the general rule that it is not sufficient that a third party might be benefited by a contract to which it is not a party, but that it must be shown that the motive or purpose of such contract was to benefit the third party—in short, that the contract was really entered into for the benefit of such third party."

The Arkansas Supreme Court stated the older rule in Carolus v. Arkansas Light & Power Co., 1924, 164 Ark. 507, 513, 262 S.W. 330, 332, in the following terms:

"Where, from the language of the contract itself or the testimony aliunde, it could be said that it was the intention of the parties to the contract to confer a direct benefit upon a third person, then such person may sue on the contract. It is not necessary that the person be named in the contract, if he is otherwise sufficiently described or designated; he may be one of a class of persons, if the class is sufficiently described or designated."

However, the older Arkansas donee beneficiary rule as expressed in the

Gravelle and Carolus cases has been modified and broadened by the subsequent opinion of the Arkansas Supreme Court in Freer v. J. G. Putman Funeral Home, Inc., 1937, 195 Ark. 307, 111 S.W.2d 463. There the court at pages 311–312 of 195 Ark., at page 465 of 111 S.W.2d said:

"We are confronted with the argument that formerly the courts held that there must have been some privity or obligation as between Finney and the appellee in order to bind appellant; that none being shown here that the appellee is without remedy. We find that formerly under some of the more ancient authorities that proposition might have been deemed as well considered. We prefer, however, to take a different view, which we think is more consonant with absolute justice, as well as in conformity with the contract. That view is supported by a substantial array of authorities to the effect that the more nearly absolute becomes the duty of the defendant to pay, in the same proportion is the power to sue increased. * * * It admits of no denial, and none is offered. There is the correspondingly increased right to sue.

" 'The weight of modern authority holds that one may maintain an action on a promise made to another for his benefit, if such promise is founded upon consideration. 3 Page on Contracts, § 1307. * * *

" 'And especially is this true where the one who makes the promise receives property and in consideration thereof agrees to discharge a debt in favor of another. 3 Page on Contracts, § 1314.' Spear Mining Co. v. Shinn, 93 Ark. 346, 124 S.W. 1045, 1048.

"Without unduly extending this discussion, let it be said that we are not pioneering in making these announcements. We are following the modern trend as being one by which absolute justice may be had without doing violence to any substantial right.

"Ample authority may be found in a comparatively new statement of the law of contracts under chapter 6, Contractual Rights of Persons Not Parties to the Contract, §§ 133–136, Restatement of Law."

In this regard, Restatement of the Law, Contracts, Sec. 133(1) (a), provides:

"(1) Where performance of a promise in a contract will benefit a person other than the promisee, that person is, except as stated in Subsection (3);

"(a) a donee beneficiary if it appears from the terms of the promise in view of the accompanying circumstances that the purpose of the promisee in obtaining the promise of all or part of the performance thereof is to make a gift to the beneficiary or to confer upon him a right against the promisor to some performance neither due not supposed or asserted to be due from the promisee to the beneficiary;"

The rule laid down in the Freer case has subsequently been followed by the Arkansas Supreme Court in Wilson & Co. v. Fleming, 1941, 203 Ark. 417, 156 S.W.2d 893; Deal & Co. v. Marlin, 1946, 209 Ark. 967, 193 S.W.2d 315; Cook v. United States Fidelity & Guaranty Co., 1950, 216 Ark. 743, 227 S.W.2d 135; Acme Brick Co. v. Hamilton, 1951, 218 Ark. 742, 238 S.W.2d 658; Deal & Co. v. Head, 1952, 221 Ark. 47, 251 S.W.2d 1017. The Freer case has also been relied upon by this court in Lewis v. Jackson & Squire, D.C.1949, 86 F.Supp. 354; Fomby v. World Ins. Co., D.C.1950, 115 F.Supp. 913.

Perhaps the Arkansas case closest on its facts is Pacific Fire Ins. Co. v. Murdock Cotton Gin, 1936, 193 Ark. 327, 99 S.W.2d 233. There the Arkansas Supreme Court held that when a cotton gin company, as an inducement to have cotton ginned at its gin, permitted cus-

tomers and purchasers to store cotton on its premises for a reasonable length of time and carried insurance on same, a purchaser of the cotton from the customers was entitled to recover directly from the insurance company on the policy carried for the benefit of the gin company's customers, and was not required to show negligence on the part of the gin company.

It should be noted that the insurance policy in question here is not a liability insurance contract and does not purport to insure Zero Mountain against claims for negligence nor to oblige the insurer to defend any such claims. It is rather a property insurance contract insuring goods such as the plaintiff alleges it stored with Zero Mountain, Inc. The policy covers only certain described perishables belonging to customers and accepted by Zero Mountain, Inc., for storage, and expressly excludes property belonging to Zero Mountain, Inc., and its subsidiaries and affiliates. The policy therefore must be considered as being for the benefit of the customers of Zero Mountain, Inc.

The fact that the plaintiff was not a party to the contract, that it paid no consideration for the contract, and that there was no agreement between the plaintiff and Zero Mountain to maintain insurance for the plaintiff's benefit does not defeat the plaintiff's cause of action as a donee beneficiary.

In 6 Am.Jur., Bailments, Sec. 354, it is stated:

"Where the bailee has contracted for insurance on the bailed goods, the authorities generally support the rule that as the real party in interest, or the party beneficially entitled thereto, the bailor may maintain an action directly against the insurer for the proceeds of policies which cover the goods 'on account of whom it may concern,' or by 'trust and commission,' or similar clauses. Though there is some authority which holds otherwise upon policies made payable to, and adjustable with, the bailee, these courts follow the general rule even in such cases, where the bailee refuses to enforce the claim of the bailor. By the application of the same general rule, the bailor may maintain an action on a contract made by the bailee, as his agent, for him as an undisclosed principal."

In Richartz v. Martin, 1948, 252 Wis. 108, 31 N.W.2d 158, the Supreme Court of Wisconsin considered an action by a bailor directly against the bailee's insurance carrier. In that case the court held at page 159 of 31 N.W.2d:

"Several questions are raised. The first is that plaintiffs as bailors of the loaned truck have no cause of action directly against the insurance company since the policy was not issued to them and they were not named or otherwise referred to in the policy and that this rule applies in spite of the fact that the bailor had a financial interest in the subject of the bailment.

"We are of the view that this contention cannot be sustained. Martin was a bailee who had contracted for insurance on the bailed goods and under the general rule where the bailee has taken out such insurance the bailor may maintain an action directly against the insurer even though not named in the policy. It was so held by this court in cases where insurance was taken out expressly for the benefit of other owners as their interest might appear. Kellner v. Fire Association of Philadelphia, 128 Wis. 233, 106 N. W. 1060, 116 Am.St.Rep. 45; and Johnston v. Charles Abresch Co., 123 Wis. 130, 101 N.W. 395, 68 L.R.A. 934, 107 Am.St.Rep. 995. That is the general rule with some contrariety of opinion, even though the policies are payable to or adjustable with the bailee only. Gardner v. Freystown Mut. F. Ins. Co., 350 Pa. 1, 37 A.2d 535, 154 A.L.R. 1351. See 6 Am.Juris. 383. It is not an objection to plaintiffs' right to maintain this action that they

**634**

were not named or their interests referred to in the policy."

The plaintiff in the instant case is a donee beneficiary to the insurance contract between the defendant insurance company and Zero Mountain, Inc. As such, it squarely falls within the rule of the Freer case quoted above. It appears further, however, that from the express language of the policy the plaintiff is also within the class of persons intended to be benefited by the parties to the insurance contract, and accordingly meets the requirements of the older Arkansas rule. Therefore defendant's motion to dismiss is overruled.

An order in accordance with the above is being entered today.